Gould *v.* Scannell.

---

GOULD *v.* SCANNELL, Sheriff, *et als.*

In an action to recover personal property, to enable the defendant to obtain the value of the property on judgment of dismissal against the plaintiff for failure to appear, the answer must contain some allegation, or prayer, relative to the change of possession from defendant to plaintiff. The judgment of return or value, is in the nature of a cross judgment, and must be based upon proper averments.

Appeal from the Fourth District.

The answer simply denies that the defendant wrongfully detains the property, etc. and avers that it was the property of Lavalle, against whom the Sheriff had a writ of attachment, issued in the suit of *Mills & Vantine* v. *Lavalle*, and that the property was seized and held by the defendant, Scannell, as Sheriff, in that suit.

The Court below found, among other things, that said property was taken from the possession of defendant, Scannell, by the Coroner, by virtue of the proceedings in this action, and returned to the said Lavalle; and "that the property cannot be returned to the defendant."

*Fabens & Tracy,* for Appellant, cited *Nickerson* v. *Chatterton et al.* 7 Cal.; Pr. Act. Secs. 177, 200.

*John Reynolds,* for Respondent, cited Pr. Act, Secs. 177, 200, 46, 147, 71.

BALDWIN, J. delivered the opinion of the Court—TERRY, C. J. concurring.

This action was brought to recover certain personal property. On the trial in the Superior Court, the plaintiff failed to appear, and his complaint was dismissed, and the Court proceeded to render judgment for the defendant for the value of the property, upon a special finding that the same could not be returned. Afterwards, a motion was made in the Superior Court to set aside the judgment, upon the ground of some alleged irregularity in the manner of ascertaining the facts. But when this motion came up for hearing, the plaintiff again failed to appear, and the Court dismissed the motion.

There seems to be no allegation or prayer in the answer in respect to the change of possession of the property from the defendant to the plaintiff; and, therefore, the judgment for the value was erroneous. This judgment of return is in the nature of a cross judgment, and there must be some appropriate averments in the pleadings to put in issue the facts upon which the relief is given. The judgment was erroneous in this respect.

So much of the judgment of the Court below as dismisses the plaintiff's complaint is affirmed, but the judgment in favor of the defendant against the plaintiff for the value of the property is reversed. As the plaintiff below failed to prosecute his suit or motion, and has thereby been guilty of *laches,* we think the costs of this appeal should be paid by him.

Ordered accordingly.