[No. 12962.   Department Two. — January 3, 1891.]

## JAMES T. RYAN, RESPONDENT, v. GEORGE S. FITZGERALD, APPELLANT.

CLAIM AND DELIVERY — FORM OF VERDICT — DELIVERY OF PROPERTY REPLEVIED. — In an action of claim and del very, it is not neces ary that the verdict shall provide for any delivery of the property, if such could be had.

ID. — CONCLUSION OF LAW — JUDGMENT. — When the verdict finds that plain has the right of possession, the right to a delivery, if it can be had, or if not, to the value of the property as found by the jury, in the alternative, is a conclusion of law, which the judgment must contain, but not the verdict.

ID. — DAMAGES — TAKING AND DETENTION — PRESUMPTION. — Damages may be claimed and recovered in the action for both taking and detention, and when the verdict is for a sum certain as damages, it will be presumed to cover both grounds, if both are alleged in the complaint.

ID. — UNCERTAINTY OF VERDICT — APPEAL — OBJECTION FOR FIRST TIME. — An objection to the form of a verdict upon the ground of uncertainty in the statement of damages must be taken in the court below, and cannot be urged on appeal for the first time.

ID. — VERDICT AND JUDGMENT FOR PART OF PROPERTY — RES ADJUDICATA. — When the plaintiff obtains a verdict and judgment for only part of the property sued for, and the verdict and judgment are silent as to the remainder, it must be held that plaintiff was denied any further relief, and he is precluded from further litigation as to the remainder.

ID. — RETURN OF PROPERTY NOT RECOVERED — APPEAL — PRESUMPTION — MODIFICATION OF JUDGMENT. — If the defendant has asked for a return of the property replevied, and it does not appear that he has given proper bond and sureties for the return, it must be presumed that the whole of the property claimed has been delivered to the plaintiff; and if the plaintiff's verdict and judgment are limited to a recovery of part only of the property, and no relief is awarded to the defendant, the judgment will be modified, on appeal, so as to require the return of the residue to the defendant.

APPEAL from a judgment of the Superior Court of Alameda County.

The facts are stated in the opinion.

*George W. Lagan,* for Appellant.

*D. M. Connor, M. C. Hassett,* and *James F. Tevlin,* for Respondent.

FOOTE, C. — This action of claim and delivery was for the recovery of the possession of certain horses and colts, and two mowers, or their value, and damages for their taking and detention.

The defendant admits the taking of the property, as a constable, under a writ of execution on a judgment against Jeremiah Ryan, the assignee of the plaintiff.

The cause was tried by a jury, who returned this verdict: "We, the jury in the above-entitled cause, find for the plaintiff the possession of the following property: The horses and colts described in the complaint, or their value, the sum of $1,225, with damages in the sum of $48.55."

Upon that verdict a judgment was rendered for the plaintiff, that he have and receive possession of the property mentioned in the verdict, specifying it, "or for the sum of $1,225, the value thereof, in case a delivery thereof cannot be had; and in case a delivery of any portion thereof cannot be had, then for the value of such portion of said property, together with $48.55 damages, and for costs, taxed at $39.50." From this judgment an appeal is taken on the judgment roll, and the appellant claims a reversal thereof, because,— "The verdict is uncertain in this: It does not provide for a delivery of the property to the plaintiff, if delivery can be had, and does not, nor does the judgment, state for what the damages are given. The complaint claims damages for taking, as well as for detention. Damages for detention only are permitted, and so far as appears, the damages may have been awarded for the taking only."

It was unnecessary that the verdict should have provided for any delivery of the property, if such could be had. When the jury found the right of possession to be in the plaintiff, then the conclusion of law followed, as provided in section 667 of the Code of Civil Procedure, that he was entitled to delivery, if it could be had; and if not, to the value of the property, as found by the jury,

in the alternative. This the judgment must contain, but not the verdict. For as to the judgment, the form of it must be as provided in the section of the Code of Civil Procedure *supra;* but section 627 of the same code, which prescribes what the verdict of the jury shall contain, requires no finding as to delivery at all.

As to the second matter of objection, that in reference to the uncertainty of the verdict for damages, whether it is given for *taking* or *detention,* it may be said that in an action of the kind in hand, damages may be claimed and recovered for both taking and detention. (*Arzaga* v. *Villalba,* 85 Cal. 191.) And the verdict being for a sum certain for damages, not specifying which kind, will be presumed to cover both grounds alleged for damage. Again, the objection, going to the form of the verdict, should have been taken in the court below, and it is too late to urge it here. (*Campbell* v. *Jones,* 41 Cal. 515.)

It is urged further, that because the jury found for the plaintiff for the possession of a part of the property only, and as to the balance their verdict was silent, that a judgment based thereon is void, as not responsive to the issue raised by the pleadings, that is, the right of possession of the whole of the property sued for.

Conceding that if such a verdict had been rendered for the defendant, that it would have been insufficient to support the judgment under the rule laid down in *Muller* v. *Jewell,* 66 Cal. 216, yet the defendant here does not allege, in his answer, that the plaintiff has the possession of any of the property, but that an officer of the law has it, under a writ in this case. The plaintiff has only obtained judgment for a part of the property, and has no right to possession of the balance. There is nothing to show but that the defendant is entitled thereto, and that it cannot be withheld from him. The verdict and judgment here being silent as to the balance of the property, it must be held that the plaintiff was

denied any further relief than he has obtained, and he is precluded from any further litigation with the defendant, as to this balance. (*Gray* v. *Dougherty*, 25 Cal. 277.)

But in this case, the defendant has asked for a return of the property, and it does not appear that he has given bond and sureties who have justified, and in that case it would have been the sheriff's duty, under section 515 of the Code of Civil Procedure, to have delivered the property to the plaintiff, and it must be presumed that he has done so. Therefore, since the plaintiff has been determined by the verdict and judgment not to be entitled to this balance of the property, the judgment here should be so modified as to require his return of it to the defendant; and in other respects the judgment should be affirmed, and we so advise.

BELCHER, C. C., and HAYNE, C., concurred.

The COURT. — Ordered the judgment be modified in accordance with the views above expressed, and as so modified, the judgment is affirmed.