COLLIER, APPELLANT, *v.* FITZPATRICK, SHERIFF, RESPONDENT.

[Submitted May 12, 1897.   Decided May 24 1897,]

*Replevin—Fraudulent Conveyance—Instruction.*

In an action of replevin, defendant sheriff justified under a writ, and claimed that the property sued for had been transferred to plainti', by her husband, the defendant named in the writ, in fraud of his creditors. Evidence was introduced showing that some of the property was transferred to the plaintiff by her husband; and that she had bought the rest from other persons. *Held,* it was error for the court in instructing the jury to assume the fact that plaintiff acquired title to all of the property through her husband.

*Appeal from district court, Deer Lodge county.   Theodore Brantley, Judge.*

Replevin by Anna Collier against John Fitzpatrick, sheriff of Deer Lodge county.   Judgment for defendant, and plaintiff appeals.   Modified.

Statement of the case by the court.

Replevin for the return of certain personal property, including, among other chattels, one black horse branded T on left shoulder, one brown mare branded F C on right hip, and one black horse branded P on left shoulder, or for the value of said property and damages.   Defendant denied value as alleged, or that plaintiff was the owner or entitled to possession, and pleaded a justification by virtue of a writ of attachment

and execution placed in his hands as sheriff in a suit against Frank Collier, plaintiff's husband. Trial to jury. Verdict for defendant. Plaintiff's motion for a new trial was overruled. She appeals.

*Sawyer & Walsh* and *A. J. Craven,* for Appellant.

PER CURIAM.—The ownership of the property sued for was the principal question tried in this case. Appellant contends that the evidence was insufficient to justify the verdict.

Without recapitulating it, we think it was sufficient, in so far as it affected all property described in the complaint except the black horse branded P and the brown mare. These latter animals plaintiff swore she had traded for with one Jesse Miller, exchanging certain cattle which belonged to her for them. Her testimony in this respect was substantially corroborated by several other witnesses, including Miller, the vendor, and was only disputed by defendant's testimony of the use of horses by plaintiff's husband in the fulfillment of a contract he had, and by plaintiff's neglect to assert ownership of the animals.

The issue of the ownership of these horses was based upon evidence quite different from that pertaining to the rest of the property, which the jury found was transferred to the plaintiff by the husband and plaintiff's sister in bad faith.

Without holding that the evidence clearly showed that plaintiff owned the two horses traded for with Miller, we are impressed with the belief that, considering the evidence bearing upon this branch of the case, appellant's objections to the instructions are sound, and that the court ought not to have assumed in its instructions throughout the charge, as it did, that plaintiff had obtained title to all the property sued for by purchase from her husband or her sister, who in turn said she had purchased from plaintiff's husband. It by no means followed that, if that portion of the property which plaintiff obtained from her husband and sister was fraudulently claimed by her, the two horses obtained from a third person were not her own, or that she could not recover them or their value.

Inasmuch, therefore, as the court seems to have overlooked the separate evidence upon the ownership of the Miller horses, and to have only directed the jury to inquire concerning the property obtained by plaintiff through the husband, and to have assumed that, if the property so transferred to her was not transferred in good faith, plaintiff must fail altogether, we must remand the case, with directions to grant a new trial upon the issue of the ownership of the horses alleged to have been sold by Miller to plaintiff. In other respects the judgment is affirmed.