COLLIER, RESPONDENT, *v.* FITZPATRICK, APPELLANT.

[No. 1,300.]

[Submitted May 5, 1899. Decided May 22, 1899.]

*Trial—Setting Case—Rules of Court—Notice to Attorneys—*
*Excusable Neglect—Vacating Judgment.*

1. A District Court Rule which provides that: "When the calendar is called and causes are set for trial the clerk shall immediately thereafter notify the attorneys interested therein, unless they are present at the time of the call of the setting of such causes for trial. Such notice may be given by postal card mailed to such attorneys at their usual address," applies to attorneys residing at the county seat as well as those residing elsewhere.

2. The design and purpose of Sec. 774, Code of Civil Procedure is to further the administration of justice so that the very right upon the merits may be determined, and to that end to grant relief, from excusable neglect, in cases meeting the requirements of the section.

3. A case which was at issue was placed upon the trial calendar used by the court, but did not appear in the printed calendar furnished as a matter of courtesy by the clerk to attorneys. The attorney of record for defendant was not present at the call of the calendar, but his partner, though not an attorney in the case, was present to set other cases of the defendant's attorney. The partner did not know about the case,

and it was set for trial without the knowledge of either of them, and on the day set was tried without defendant being represented. The attorney for defendant, because of the nonappearance of said case in the printed calendar furnished by the clerk, believed that such case was not for trial at that term. The clerk [did not notify defendant's attorney of the setting of the case, and on the day of trial he was absent although his partner was present, and did not object. The defendant next day presented an affidavit of merits, and moved to set aside the judgment. *Held:* That defendant's attorney was guilty of neglect, but that in view of the failure of the clerk to notify him of the setting of the case for trial, as he was required to do by the rules of the court, the neglect of said attorney was not so gross as to be inexcusable, and that the defendant is entitled to have the judgment vacated upon payment of costs.

*Appeal from District Court, Deer Lodge County; Theo. Brantly, Judge.*

ACTION brought by Anna Collier against John Fitzpatrick. From a judgment in favor of plaintiff, and from an order refusing to vacate a judgment, defendant appealed. Reversed.

*T. O'Leary*, for Appellant.

*Sawyer & Walsh*, for Respondent.

**PIGOTT, J.**—Defendant appeals from a judgment of the District Court of Deer Lodge county, entered on the 17th day of May, 1898; and also from an order of that court entered May 24, 1898, denying his motion to vacate said judgment. The action was brought to recover possession of certain personal property, together with damages for its detention. The first trial resulted in a judgment for defendant, but upon appeal by plaintiff to this Court a new trial was directed of the issue touching the ownership of certain of the property. (*Collier* v. *Fitzpatrick*, 19 Mont. 562, 48 Pac. 1103.) The *remittitur* was filed by the clerk of the court below on November 22, 1897. On May 16, 1898, in the absence of defendant and his counsel, the court tried the case without a jury, and found for the plaintiff; and on the day following judgment was entered accordingly. On May 18, 1898, one day after the entry of judgment, defendant served notice of motion to set aside the judgment on the ground that he had no notice of the setting of the action for trial, and upon the further ground that the judgment was taken against him

through his mistake, inadvertence, surprise and excusable neglect. On May 23, 1898, the court heard the motion, and on May 24th denied it.

The material facts shown are the following: On April 8, 1898, the attorneys for the plaintiff procured an order from the District Court by which the case was placed upon the trial calendar and thereafter, about the 30th day of the same month, gave notice to the clerk, in accordance with a rule of court, that plaintiff desired the case noted for a jury trial at the ensuing term, beginning May 2, 1898. The case was placed upon the trial calendar prepared for the use of the court, in which appeared the titles of all causes at issue prior to the first day of the May term. Although this was the only official calendar, the clerk, at the request of the members of the bar, and for their use and convenience, prepared and issued a printed calendar, upon which Collier v. Fitzpatrick did not appear. This printed calendar was not prepared or distributed under any order or rule of court. T. O'Leary, Esq., was the attorney of record for the defendant, and was also city attorney and clerk of Anaconda, the county seat, in which city he resided. He was not present at the calling of the calendar, had not received any notice from the clerk or from any other source that the case had been set for trial, and such setting was wholly unknown to him. At the time the calendar was called and the cases set down for trial, he was engaged as city clerk, in attendance upon the city council; May 2d being the day on which the council elect assumed office, and the outgoing council accounted to and settled with its successor. B. F. Maiden, Esq., was Mr. O'Leary's partner, and had been since January 1, 1898; but Mr. Maiden was not an attorney in Collier v. Fitzpatrick. At Mr. O'Leary's request, and for the purpose of having the cases in which he or the firm was interested set for trial or otherwise disposed of, Mr. Maiden attended the court, and was present when the calendar was called, and appeared and represented Mr. O'Leary in four cases which were then set for trial. The titles of these four cases were printed in the unofficial calendar issued by the

clerk, and this calendar was the one upon which both Mr. O'Leary and Mr. Maiden relied for information touching the cases which were for trial at the May term. Immediately prior to the calling of the calendar on May 2d the judge announced in open court that all causes at issue would be set for trial unless continued. When the case at bar was reached in regular order, it was called for by its title, and the court, at the instance of counsel for the plaintiff, set it for trial on May 16th, at 9:30 in the forenoon, and the order to that effect was entered in the journal, and was read and approved the next day in open court. Mr. Maiden made notations on the unofficial printed calendar opposite the titles of the four cases of the dates when they were to be tried. He had no knowledge whatever of Collier v. Fitzpatrick, and had no information that Mr. O'Leary was attorney therein, and the case had never been mentioned in the office of O'Leary & Maiden since the formation of their partnership; indeed, he swears that he did not know that there was such a case. Upon Mr. Maiden's return to the office of his firm, he advised Mr. O'Leary of the setting of the cases in which he was interested as shown by the printed calendar, and Mr. O'Leary himself looked at the calendar in which the annotations had been made by Mr. Maiden, and believed that no cases in which he was interested and not appearing on the printed calendar were to be tried. Mr. O'Leary remained in Anaconda from the 2d to the 12th of May, when he went to Helena on urgent private affairs, attention to which could not be postponed. He remained in Helena until the evening of May 16th. He then returned to Anaconda, and discovered that the case had been tried in his absence, and without any appearance by defendant, or by any one for him, at the hearing. As has been stated, Mr. O'Leary had received no notice of any kind that the case had been set for trial, nor did the clerk comply with the command of rule 31 of the District Court, which rule is as follows: "When the calendar is called and causes are set for trial the clerk shall immediately thereafter notify the attorneys interested therein, unless they are present at the time of the call, of the setting of such causes for trial. Such notice may be given by

postal card mailed to such attorneys at their usual address.''
The defendant was also without knowledge or information
with respect to the setting of the case for trial. The answer
presents facts sufficient to constitute a defense, and Mr.
O'Leary states in his affidavit that he is fully advised as to
the facts in issue, and of the law appertaining thereto, and
believes and avers that defendant has a good and proper legal
defense to the action, and that if he had known that the case
was set for trial on May 2d, he would have been present
thereat. The defendant likewise deposes that he is fully in-
formed as to the facts in the case, and believes and avers that
defendant has a good and sufficient legal defense to the action
and that he has fully and fairly stated the facts to his counsel,
and has been informed by counsel that defendant has a sub-
stantial defense on the merits. It further appears that the
case was not called for trial until 10:45 o'clock in the fore-
noon of May 16th, and that when the trial began Mr. Maiden
was present in court, and made no objection thereto.

The Court may, in its discretion in furtherance of jus-
tice, and upon terms, relieve a party from a judgment taken
against him through his excusable neglect. (Code of Civil
Procedure, Sec. 774.) That Mr. O'Leary was guilty of
neglect in relying upon the unofficial printed calendar, and in
failing to advise Mr. Maiden that he was an attorney in the
case of Collier v. Fitzpatrick, and that the case was at issue,
and might be called for trial, is apparent from the foregoing
statement of facts disclosed by the bill of exceptions. We are
of the opinion, however, that in view of the provisions of rule
31, quoted, the neglect was not so gross as to be inexcusable.
He should not have trusted to the unofficial printed calendar,
but it seems evident that he did believe—and not wholly with-
out reason—that such printed calendar issued by the clerk on
the eve of the meeting of court contained a list of all the civil
cases to be tried at that term. The order setting the case for
trial was made in the absence of Mr. O'Leary, and, although
Mr. Maiden was authorized to represent Mr. O'Leary at the
call on May 2d, yet he did not know that Mr. O'Leary had
any professional connection whatever with it. We think that

under the circumstances Mr. O'Leary might, without being inexcusably neglectful, indulge the presumption that the clerk would, in obedience to rule 31, notify him if, in his absence, the case were set for trial. Affidavits were submitted containing the statement that the rule mentioned applied, and was understood to apply, only to attorneys residing elsewhere than at the county seat, and the learned judge of the District Court, upon the assumption, doubtless, that such construction was correct, refused to set aside the judgment. The rule is general, and in plain terms requires notice to be given to all attorneys interested, witout distinguishing those living at the county seat from others.

Each case in which the court is asked to set aside a judgment upon the ground of excusable neglect in the moving party must be decided upon its own facts. The design and purpose of the statute is to further the administration of justice so that the very right upon the merits may be determined, and to that end to grant relief from excusable neglect in cases where diligence is shown in applying promptly for the relief sought, provided the opposite party be not deprived of any advantage to which he may properly be entitled. The defendant should have been afforded, upon terms, the right of trial. The plaintiff is without fault, and the defendant must, as a condition precedent to relief, reimburse the plaintiff for his outlay.

The order of May 24, 1898, denying the motion to vacate the judgment, is reversed, with costs to plaintiff, and the cause is remanded, with the following directions: Upon payment by defendant within 20 days into the court below of all costs of the plaintiff incurred in that court since November 22, 1897, and of all costs of plaintiff upon this appeal, the District Court will enter an order granting defendant's motion to vacate the judgment; and in default of such payment within 20 days from and after the filing of the *remittitur* the District Court will enter an order denying said motion.

*Reversed and remanded.*

HUNT, J., concurs.    BRANTLY, C. J., disqualified.