GALLICK, RESPONDENT, v. BORDEAUX ET AL., APPELLANTS.

(No. 1,951.)

(Submitted October 1, 1904. Decided November 28, 1904.)

*Sheriffs and Constables—Wrongful Seizure of Property—Actions—Claim and Delivery—Pleading — Parties—Sureties on Bond—Title to Property Seized—Burden of Proof—Instructions—Assumption of Facts—Submission of Questions of Law.*

1. It is error for the court in its charge to assume as proven a fact which is in issue.

2. In an action against a constable for the wrongful seizure of property under execution the questions whether the justice had jurisdiction of the parties and of the subject-matter, whether the judgment was wrongfully made, and whether the execution was in due form, were questions of law, and instructions that those things must appear in order to make out the defense of justification under the writ were erroneous in submitting legal questions to the jury.

3. In an action in claim and delivery for property wrongfully seized by a constable under execution, where plaintiff alleged that he was the owner of the goods when seized, which the answer denied, the burden was upon plaintiff to prove the ownership or right of possession, and in relying upon a sale from the execution defendant it was incumbent upon him to show a valid sale.

4. In an action in claim and delivery for property wrongfully seized under execution defendant could, under a general denial of plaintiff's ownership of the goods seized, show that a sale under which plaintiff claimed was void.

5. Under Code of Civil Procedure, Section 1220, providing that, if personal property levied upon under execution be claimed by a third person, the same proceedings shall be had as provided in relation to attachment, in Section 906 of said Code, which provides for notice of claim to the officer, and a delivery of the property to the claimant, unless plaintiff gives an indemnify-

ing bond, the officer is not bound to deliver possession to the claimant if the execution plaintiff furnishes an indemnifying bond.

6. In an action in claim and delivery for property wrongfully seized by a constable under an execution, where plaintiff claimed title by virtue of a sale from the execution defendant, the burden of proof which was upon him to establish a *bona fide* sale was not shifted by mere proof of notice of claim to the constable at the time of the levy.

7. In an action in claim and delivery plaintiff must recover upon the strength of his own title, and not upon the weakness of defendant's title, and an instruction authorizing a verdict for plaintiff if there were some particular defects in the justification relied upon by defendant is erroneous.

8. In an action in claim and delivery, brought by a mortgagee for the wrongful seizure of property under a writ of execution, the measure of damages if return of the goods cannot be had is the value of the goods up to the amount of the indebtedness, with accrued interest, and not the value of the property and the amount of the indebtedness with interest.

9. Instructions covering a feature of the case properly covered by other instructions given may be refused.

10. In an action in claim and delivery for property wrongfully seized under execution, an instruction authorizing a verdict for defendant unless the sale under which plaintiff claimed was followed by "an actual and continued change of possession" was improperly modified by striking out the words "and continued."

11. The action of claim and delivery lies only against the party in possession, and when brought against a constable for the wrongful seizure of property under a writ of execution the sureties on his official bond are improperly joined as parties defendant, where they were not in any manner concerned with the seizure or detention of the property.

12. In an action in claim and delivery, in order to state a cause of action, the complaint must not only allege ownership or right of possession in the plaintiff, but it must allege the wrongful seizure and detention of the property by the defendant.

*Appeal from District Court, Silver Bow County; William Clancy, Judge.*

Action by Emanuel Gallick against Thomas J. Bordeaux and others. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Reversed.

For former opinion, see 22 Mont. 470, 56 Pac. 961.

*Mr. C. P. Drennen,* for Appellants.

The court erred in refusing to allow defendants to interrogate the witness Heilbronner in re-direct examination. The defendants had the unqualified right under the statute (Code of Civil Procedure, Sec. 3378) to re-examine the witness after his cross-examination by the plaintiff's attorney. In the cross-examination he was examined as to new matter which was not

mentioned in his direct examination. Such right is not dependent upon the discretion of the court; the court had no discretion in the matter. (*Hamilton* v. *Miller,* 46 Kan. 486; *Gray* v. *Cooper,* 65 N. Car. 183; *State* v. *Hopkins,* 50 Vt. 316; *Commonwealth* v. *Dill,* 158 Mass. 226; *Merritt* v. *Campbell,* 79 N. Y. 625; *Nay* v. *Curley,* 113 N. Y. 575; *Howe* v. *Schweinberg,* 4 Misc. Rep. 73; *Goodman* v. *Kennedy,* 10 Neb. 270; *Bassham* v. *State,* 37 Texas, 622; *Farmers' etc. Bank* v. *Young,* 36 Iowa, 44; *People* v. *Smallman,* 55 Cal. 185; *Roberts* v. *Roberts,* 85 N. Car. 11; *Cabiness* v. *Martin,* 4 Dev. (N. C.) 106; *Alderton* v. *Wright,* 81 Mich. 279; *Lally* v. *Emery,* 79 Hun. 560; *Walsh* v. *Porterfield,* 87 Pa. St. 276; *Somerville, etc. R. R. Co.* v. *Doughty,* 22 N. J. Law, 495; *Todd* v. *Vaughn,* 90 Hun. 70; *Taylor* v. *Commonwealth,* (Ky.) 34 S. W. 227; *Fairchild* v. *Cal. Stage Co.,* 13 Cal. 606; *Tyler* v. *Healey,* 51 Cal. 191; *Schutzel* v. *Huron,* 6 S. Dak. 140; *State* v. *McClellan,* 26 Mont. 538; *People* v. *Fultz,* 109 Cal. 258; 8 Ency. Pl. and Pr. 123, 124, and cases cited; *Robinson* v. *Dugan,* (Cal.) 35 Pac. 902.

The court erred in its instructions. (*Savacool* v. *Boughton,* 5 Wend. 170; *Fuller Disk Co.* v. *McDade,* (Cal.) 45 Pac. 694; 1 Freeman on Executions, 2d Ed., 218, 220; *Caldwell* v. *Center,* 30 Cal. 540; *Wastl* v. *Montana Union Ry. Co.,* 17 Mont. 217; Compiled Statutes of Montana, 1887, p. 653, Sec. 226; *Kipp* v. *Silverman,* 25 Mont. 297; *Grum* v. *Barney,* 55 Cal. 256; *Stephens* v. *Halstead,* 58 Cal. 193; *Humphreys* v. *Harkey,* 55 Cal. 283; *Gallick* v. *Bordeaux,* 22 Mont. 479; Civil Code of Montana, Secs. 3861-5; Compiled Statutes of Montana, p. 269, Sec. 805; p. 270, Sec. 806; Code of Civil Procedure, Sec. 1661.)

The evidence was insufficient to sustain the verdict of the jury. (*Ghiradelli* v. *Bourland,* 32 Cal. 588-89; *Sam Yuen* v. *McCann,* 99 Cal. 499; 15 Ency. Pl. and Pr. 118, VII; *Huston* v. *Hagar,* (Ky.) 1 Duc. 24.)

*Mr. John J. McHatton,* and *Mr. George F. Shelton,* for Respondent.

The mode of examination of a witness is subject to the reasonable control of the court. (Code of Civil Procedure, Secs. 3372, 3373; *Swetser* v. *Dobbins,* 2 West Coast Rep. 143; 1 Rice on Evidence, p. 601; *Jaspers* v. *Lano,* 17 Minn. 296; *Brumagin* v. *Bradshaw,* 39 Cal. 24, 28.)

The court did not err in its instructions. (1 Freeman on Executions, p. 221, Sec. 101; *Gallick* v. *Bordeaux,* 22 Mont. 447; *Noble* v. *Holmes,* 5 Hill, 195; *Hootman* v. *Bray,* 3 Mont. 409; *Ford* v. *McMaster,* 6 Mont. 240; *Marcum* v. *Coleman,* 8 Mont. 196; *Palmer* v. *McMaster,* 10 Mont. 390; 1 Freeman on Executions, Secs. 155, 156; *O'Gara* v. *Lowry,* 5 Mont. 427, 436; *Dodge* v. *Jones,* 7 Mont. 121-146; *Cady* v. *Zimmerman,* 20 Mont. 225; 2 Rice on Evidence, p. 954; *Gaines* v. *White,* (S. Dak.) 47 N. W. 524; *Wilson* v. *Harris,* 21 Mont. 374, 415; 14 Am. and Eng. Ency. of Law, 2d Ed., p. 487; *Hinds* v. *Keith,* 57 Fed. 10; *Angell* v. *Packard,* 61 Mich. 561; *Rein* v. *Kendall,* 55 Neb. 583; *Casey* v. *Leggett,* 125 Cal. 664; *Williams* v. *Borgwardt,* 119 Cal. 80; *Jones* v. *Simpson,* 116 U. S. 609; *Ross* v. *Wellman,* 102 Cal. 1, 4; Civil Code, Secs. 4492, 4493; 2 Freeman on Executions, Sec. 270; *Briggs* v. *Gleason,* 29 Vt. 78; 1 Wade on Attachment, Sec. 239; *Barrett* v. *White,* 3 N. H. 210; *Campbell* v. *Johnson,* 11 Mass. 184; *Malcom* v. *Spoor,* 12 Metc. 279.)

Execution sales are held void when made to raise a greater sum than is authorized by the judgment. (Kleber on Void Judicial Sales, Sec. 336; 8 Ency. Pl. and Pr. pp. 428, 430; Freeman on Void Judicial Sales, Secs. 25, 34; *Dawson* v. *Litsey,* 10 Bush. 408; *Hastings* v. *Johnson,* 1 Nevada, 613; *Gathwright* v. *Hazard,* 10 B. Mon. 557; *Blakey* v. *Abert,* 1 Dana, 185; *Patterson* v. *Carneal,* 3 A. K. Marsh, 618.)

The character of the instrument being conceded to be a mortgage, a mortgagee in possession may defend his title just as any absolute owner may defend, and can not be deprived of it by levy of an execution or attachment; and if the officer succeeds in taking the property, the mortgagee may sue him for conversion and recover the value of the property, or the value

of his interest in the goods. After the mortgagee has taken possession by virtue of his mortgage, the mortgagor has no longer any interest in the property which can be seized upon execution; the property can not be taken from the mortgagee without there being first tendered to the mortgagee the amount of the mortgage debt. (Jones on Chattel Mort. Secs. 462, 557; *Wise* v. *Jefferis,* 51 Fed. 641; *Pike* v. *Corbin,* 67 Ill. 227; *Marsh* v. *Lawrence,* 4 Cow. 461; *Moore* v. *Murdock,* 26 Cal. 515; *Worthington* v. *Hanna,* 23 Mich. 530; *Becker* v. *Dunham,* 27 Minn. 32; *Palmer* v. *Forbis,* 23 Ill. 301.)

It is not error to refuse an instruction requested when the same is covered by an instruction given. (*Hayes* v. *Union Merc. Co.,* 27 Mont. 264.) In construing the charge, it must be taken together. (*Kennon* v. *Gilmer,* 5 Mont. 257.) When an instruction, standing alone, is erroneous, but when, in connection with other instructions, the law is correctly stated, the error is harmless. (*Fitschen* v. *Thomas,* 9 Mont. 52.)

Defendants cannot now raise the point, that the verdict is not supported by the evidence, for the first time in the supreme court. (*Campbell* v. *Great Falls,* 27 Mont. 37; *Chas. Schatzlein Paint Co.* v. *Passmore,* 26 Mont. 500.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This is an action in claim and delivery, brought by Emanuel Gallick against Thomas J. Bordeaux, a constable of Silver Bow county, and John R. Bordeaux and A. H. Barrett, the sureties on the official bond of such constable.

The complaint alleges that on May 15, 1895, the plaintiff was the owner and entitled to the possession of a certain stock of goods consisting of wines, liquors, cigars, tobaccos, etc., contained in a certain saloon in Butte; that on that day the defendant Thomas J. Bordeaux, a constable, unlawfully seized and took possession of the goods above mentioned under a writ of execution issued from a justice of the peace court in an action

wherein one Cooney had obtained a judgment against one Bordoni; that the constable seized the goods above mentioned as the goods of Bordoni, and not otherwise. The value of the goods seized is alleged to have been $868.02, and the prayer of the complaint is for the return of the goods, or for $868.02, their value, and for $1,000 damages for their wrongful seizure and detention. The complaint also contains this averment: "Plaintiff further alleges that the taking and detention of the said goods and chattels hereinabove mentioned by the said defendant Thomas J. Bordeaux was a breach of his official duty, and also a breach of his official bond."

The answer denies the ownership or right of possession of the plaintiff, Gallick; denies the value of the goods to have been $868.02, or any greater amount than $176; admits the taking of the goods by the defendant Thomas J. Bordeaux, but alleges that the goods were the property of F. A. Bordoni, the judgment debtor mentioned; alleges the recovery of the judgment upon which execution was issued, the issuance of execution and seizure of the property thereunder; and alleges that at the time of said seizure Bordoni was in actual possession of the goods.

The reply denies that Bordoni was in possession of the goods, except as the agent and employe of plaintiff, and denies the rendition of the judgment in Cooney against Bordoni.

The cause was tried to a jury, which returned a verdict in favor of the plaintiff for the return of the goods, or for the sum of $400, their value. A judgment in accordance with this verdict was rendered, from which judgment and an order denying a motion for a new trial the defendant appealed.

Upon the trial evidence was offered on behalf of the plaintiff which tended to show that on or about the 2d day of May, 1895, the plaintiff had purchased the goods in controversy from Bordoni; that plaintiff had taken immediate possession, had placed a sign over the front door, "E. Gallick, Proprietor," and also a like sign in a show case inside the building; that he caused an inventory to be taken of the property, and had then employed

Bordoni as his agent to conduct the business for him. The inventory of the property showed that it was of the value of $868.02. On behalf of the defendants evidence was introduced which tended to show that no transfer from Bordoni to Gallick had been made, or, if made at all, that it was not *bona fide,* but made for the purpose of protecting Bordoni. The evidence further tended to show that Bordoni had been in the active management of the business, had employed a bartender, and had purchased goods for the place subsequent to the 2d day of May, the date of the alleged sale. It was also sought to be shown that the stock of goods was of the value of about $176. This cause was heretofore before this court in *Gallick* v. *Bordeaux,* 22 Mont. 470, 56 Pac. 961.

On the trial the court, at the instance of the plaintiff, gave to the jury a number of instructions, to which objections are here made.

1. Instructions 4 and 6. The opening sentence of instruction No. 4 is as follows: "The jury are further instructed that the fact that the said Bordoni was in the employ of the plaintiff, and in the saloon at the time this property in controversy was seized by the defendant," etc. Instruction No. 6 contains this expression: "The fact that the said plaintiff employed the said Bordoni as an employe about said place and placed him in charge thereof of itself raises no presumption of bad faith on the part of said plaintiff."

In each of these instructions the existence of a particular fact is assumed, viz., that the plaintiff had employed Bordoni in and about the place where the property in controversy was found by the constable when he seized it. This assumption made by the court, under the record here presented, was equivalent to telling the jury that Bordoni had sold this property to the plaintiff, and that plaintiff had employed him to care for it. These were facts in dispute. Evidence was offered by defendants to show that Bordoni had never sold the property at all, but was the owner himself at the time of the seizure, and therefore his

work in the saloon was work done for himself, and not as the employe of plaintiff or any one else.

It is the duty of the court to instruct the jury with reference to all matters of law which the court may deem necessary for the formation and rendition of a verdict. (Section 1080, Code of Civil Procedure, as amended by act of the Fifth Legislative Assembly, approved March 1, 1897, (Laws 1897, p. 241.)

The jury are the judges of the effect or value of the evidence. (Section 3390, Code of Civil Procedure.) In other words, the facts are to be found by the jury from the evidence, and it is error for the court in its charge to assume as proven a fact which is in issue. (*Palmer* v. *McMaster,* 10 Mont. 390, 25 Pac. 1056; *Harrington* v. *Butte & Boston Mining Co.,* 19 Mont. 411, 48 Pac. 758; *Collier* v. *Fitzpatrick,* 19 Mont. 562, 48 Pac. 1103; *Butte & Boston Mining Co.* v. *Societe, etc. Lexington,* 23 Mont. 177, 58 Pac. 111, 75 Am. St. Rep. 505; *Lawrence* v. *Westlake,* 28 Mont. 503, 73 Pac. 119.)

2. Instructions 3 and 13. By instruction No. 3 the court told the jury "that, before an officer can justify under an execution issued out of a justice court, it *must* appear that the justice court issuing said execution had jurisdiction of the parties and the subject-matter; that the judgment was legally and regularly made and entered; and that the execution was in due and legal form." Instruction No. 13 is as follows: "The jury are further instructed that the defendant Thomas J. Bordeaux occupies in this case the position of one who claims the property not as owner, but by virtue of a special interest therein as an officer under his writ, and for the purpose indicated therein; that it is only by reason of his special interest as such officer acting under a writ that he can be permitted to contest the right of the plaintiff. So far as the defendant officer is concerned, except for his writ and the rights acquired by his seizure thereunder, he has no right or authority to question the arrangement between the plaintiff and Bordoni, and the same is valid and binding as to all persons whatsoever except as to an officer acting under and by virtue of a valid writ. If, therefore, the jury

believe from the evidence that the said defendant Bordeaux was not acting under a valid writ of execution, or that the court issuing the same had no jurisdiction to issue the writ, or that the said officer abused the process of the court, after seizing the said goods, by permitting the same to be wasted or destroyed, then in either of these events the said writ furnished the officer is no justification for the seizure, and your verdict should be for the plaintiff."

In instruction No. 3, above, the court told the jury that it must appear that the justice issuing the execution had jurisdiction of the parties to the action and of the subject-matter, that the judgment was legally and regularly made and entered, and that the execution was in due and legal form. The reading of this at once suggests the inquiry, to whom must it be made to appear? To the jury? It is hardly conceivable that such questions would be submitted to a jury. But when instruction No. 13, above, is read in connection with this, it is quite apparent that the inquiries contained in instruction No. 3 were directed to the jury, for in No. 13 the question of the validity of the execution under which the defendant Bordeaux assumed to seize and hold this property, as well as the question of the jurisdiction of the court issuing the writ, are directly submitted for determination to the jury.

The three questions above submitted in instruction No. 3 and the two suggested above in No. 13 are questions of law, with which the jury did not and could not have had anything whatever to do. They are questions which the court should have determined, and, if determined adversely to defendant, an instruction plainly telling the jury that the defense sought to be made had failed should have been given. The jury ought not to have submitted to it questions respecting which it knew nothing, and which were entirely without its province to determine. It is the province of the court to tell the jury what the law of the particular case is, not to ask the opinion or advice of the jury respecting it.

3.   Instruction No. 8.   "The jury are further instructed that the defendant Thomas J. Bordeaux attacks the sale to the plaintiff upon the ground that it was made with intent to delay or defraud the creditors of said Bordoni in the collection of their debts, and particularly one J. H. Cooney.   The jury are instructed that this is an affirmative defense, and, in order to sustain the allegations of their answer, defendants must establish to the satisfaction of the jury by a preponderance of the evidence that the said sale from Bordoni to the plaintiff was made with intent to delay or defraud the creditors of said Bordoni; and unless you find as a fact from the evidence that the said transfer and sale ·from Bordoni to plaintiff was made with the intent to delay or defraud said creditors in the collection of their debts, then your verdict should be for the plaintiff."

The plaintiff, in his complaint, claims that he was the owner of the goods at the time of their seizure and subsequently.   The answer puts this in issue by a denial of such allegations, and alleges that Bordoni was such owner.   The burden throughout was upon plaintiff to prove his ownership or right of possession. The defendants might rely upon his failure to make such proof, or, if he attempted to prove his ownership by showing a purchase from Bordoni, they might under a general denial of such ownership, show that such sale was void.   (*Reynolds* v. *Fitzpatrick,* 28 Mont. 170, 72 Pac. 510.)

If plaintiff relies for his title upon a sale from Bordoni, he must show a valid sale.   The burden is not upon defendants to show that it is invalid.   If the answer had admitted the sale, and had sought to avoid its effect by alleging fraud in its inception, the instruction in this respect would have stated the law, but no such allegations were made by defendants, and the instruction is therefore not only inapplicable, but erroneous. The expressions of this court made in this case on the former appeal (*Gallick* v. *Bordeaux,* above) ought to have been sufficient to have avoided this error.

In *Kipp* v. *Silverman,* 25 Mont. 296, 64 Pac. 884, this court had before it a very similar case—of conversion, however, in-

stead of claim and delivery. The sheriff had seized certain goods as the property of Hamilton under an attachment issued in an action brought by Silverman & Cohen against Hamilton, and afterwards sold them under execution. Thereupon Kipp brought an action for damages for the conversion of the goods. The defendants answered, denying ownership in Kipp, alleging ownership in Hamilton, and justifying under the attachment and execution. On the trial the court gave instructions on the subject of the burden of proof, the first of which told the jury that the burden was upon the plaintiff to show that at the time alleged he was the owner and entitled to the possession of the goods, that the defendant sheriff wrongfully seized and sold the property, and that such property was of a value greater than the value admitted by the defendants. The second was to the effect that the burden of proof was upon defendants to show that at the time of the levy upon and sale of the property such property was owned by Hamilton, the judgment debtor. Respecting these instructions this court said: "The first of these instructions is a correct statement of the law upon the issues involved in the case, which are the ownership of the property and its value. In cases of this character the plaintiff must recover, if at all, upon the strength of his own title, and not upon the weakness of that of his adversary. Therefore the obligation rests upon him to sustain this burden by a preponderance of the evidence; that is, he must show, by a preponderance of the evidence, that he has a right superior to that of the defendant, and that the value of the property or the interest therein in question is greater than that admitted by the defendant. Hamilton being apparently in the exclusive possession, and therefore *prima facie* the owner at the time the levy was made, the endeavor on the part of the defendants to show title in him was but one mode of meeting and rebutting plaintiff's claim, and after presenting their evidence they would be entitled to a verdict if the whole of the evidence upon this issue did not show a preponderance in plaintiff's favor. (*Finch* v. *Kent,* 24 Mont. 268, 61 Pac. 653.) The defendants were not under obligation

to produce any evidence until plaintiff had made out a *prima facie* case, and then to go no further than to produce sufficient evidence to show an equipoise. The burden, therefore, rested upon the plaintiff throughout. There are elementary principles, applicable to all cases where there is an issue as to title, whether the defendant asserts title in himself or in a third person. The second paragraph quoted is not only in direct conflict with the first, but is wrong in principle. By it the jury were told, in substance, that, unless the defendants could show title in Hamilton by a preponderance of the evidence, the plaintiff must prevail."

Except as to the character of the action the facts in this case are so nearly alike those in the case at bar that the language of the court above appears peculiarly applicable here, disposes of this feature of the case, and serves to emphasize the error of the court in giving instruction No. 8. Furthermore, instruction No. 8 is directly in conflict with instructions Nos. 6 and 7, given at the instance of the defendants.

4. Instruction No. 10. By instruction No. 10 the court told the jury that if they believed from the evidence that the constable, at the time he seized the property in controversy, was notified of the claim of ownership on the part of the plaintiff, but, notwithstanding such notice, took the property into his possession, then the constable would not be justified in making such seizure, unless the jury should find that the transfer from Bordoni to the plaintiff was made with intent to delay or defraud the creditors of Bordoni; and concludes with this expression, "And unless you so find, your verdict should be for the plaintiff."

It is quite impossible to determine whether the notice herein mentioned has reference to a third party claim of ownership or not. If this plaintiff, Gallick, desired to have the property released from seizure, Section 1220 of the Code of Civil Procedure provides the method of procedure; but, even in case he asserted such right, the constable would not be compelled to deliver possession to him if the execution plaintiff furnished

an indemnity bond. In addition to this uncertainty, the instruction is erroneous in directing a verdict for the plaintiff upon a mere claim of ownership asserted at the time of the seizure of the property by the constable (if this is what the instruction implies), unless the jury should find that the transfer from Bordoni to plaintiff was made with intent to delay or defraud creditors. It was incumbent upon plaintiff to prove to the satisfaction of the jury by a preponderance of the evidence that at the time of the commencement of this action he was the owner or entitled to the possession of the property in controversy, and unless he made such proof he could not recover, even though defendants might wholly fail to show any defect in the alleged transfer from Bordoni to plaintiff. It will not do to say that mere notice to the constable of Gallick's claim of ownership shall be sufficient to shift the burden of proof as to the *bona fides* of the transfer from Bordoni to Gallick upon the defendants. As said heretofore, if Gallick based his claim of ownership to the property upon a purchase from Bordoni, he must show a valid purchase. The burden is not upon defendants to show that it was invalid.

5. Instructions 11 and 17. Instruction No. 11, in substance, told the jury that, if they found from the evidence that the defendant Thomas J. Bordeaux seized the property under an execution, and while he held the goods in his possession he and his employes destroyed and used the goods, by reason whereof they were deteriorated in value, then the jury should find that such constable was a trespasser from the beginning, and that his process furnished him no justification for his acts; and concludes as follows: "And if you find from the evidence that there was such abuse of process by said defendant, then your verdict should be for the plaintiff."

Instruction No. 17 in effect told the jury that if they believed from the evidence that the execution under which the defendant Thomas J. Bordeaux sought to justify his seizure of the property was issued for an amount materially greater than the amount actually due upon the judgment, then such execu-

tion was void, and furnished no justification to the defendant for the seizure of the property, and the verdict of the jury should be for the plaintiff.

In each of these instructions the jury were told plainly that, if they found some defect (particularly pointed out in each) in the attempted justification of the defendants, then their verdict should be for the plaintiff.

A portion of the language of this court in *Kipp* v. *Silverman,* quoted above, is likewise pertinent here. Under these instructions the jury should have found for plaintiff if they found any of the enumerated defects in defendants' attempted justification, whether plaintiff had shown any title or right of possession in himself or not. In this action, as well as in conversion, the plaintiff must recover upon the strength of his own title, and not upon the weakness of his adversaries'; and because these instructions ignore this doctrine they are erroneous.

6. Instruction No. 18: "The court further instructs the jury that if you believe from the evidence that F. A. Bordoni transferred and assigned to the plaintiff the property in controversy in this suit as security for the money advanced by plaintiff or by E. Gallick for said Bordoni, and that the said plaintiff took immediate possession of the said property, and retained the same either personally or through Bordoni as his employe, then you are instructed that the defendant Thomas J. Bordeaux could not seize and take into his possession the said property in controversy without paying to the said plaintiff or tendering to him the amount for which the said property was held by said plaintiff as security, and the failure of said defendant to tender the amount due to said plaintiff or to said E. Gallick for which the said property was security rendered the said defendant liable to the plaintiff for the whole value of the said property, or the amount of the indebtedness for which the same was given as security, and your verdict should be for the plaintiff for the full value of the property *and* the amount of said indebtedness, with interest thereon from the 15th day of May, 1895, to date."

Waiving the question as to whether this instruction does not entirely change the theory upon which plaintiff had tried the case—that is, presenting plaintiff as a mortgagee instead of an absolute owner of the goods—it is to be observed that it announces a wholly fallacious standard as a measure of plaintiff's recovery.

If plaintiff was seeking to recover as mortgagee, the measure of his damages in case return of the goods themselves could not be had would be the value of the goods up to the amount of the indebtedness, with accrued interest (*Harrington* v. *Stromberg-Mullins Co.*, 29 Mont. 157, 74 Pac. 413); but under no theory of the case could plaintiff recover the full value of the property *and* the amount of the indebtedness, with interest, as announced in the closing sentence of this instruction.

7.  Defendants' instruction No. 13.  The defendants asked the court to give an instruction designated defendants' instruction numbered 13, as follows:  "The court instructs the jury that, unless the jury find the fact to be that there was an actual and continued change of possession of the property alleged to have been sold by Bordoni to the plaintiff herein, then the jury must find for the defendants in this action."

This feature of the case had been properly covered by instructions 8 and 9 given at the instance of defendants, and no error could have been predicated on the court's refusal of the instruction altogether; but, instead of refusing it, the court struck out the words "and continued," as used to characterize the possession following the sale, and as thus modified the instruction was given.  A correct statement of the law was thus rendered erroneous, and the instruction made to conflict directly with instructions 8 and 9 given at the instance of the defendants.

8.  As to the parties defendant.  This action is brought against the constable and the sureties on his official bond.  The action is in claim and delivery, and no pretense is made in the pleadings that the defendants Barrett and John R. Bordeaux, or either of them, were ever concerned in any manner whatever

with the seizure or detention of the property in controversy. Apparently liabilitiy is sought to be fastened upon them merely by virtue of the fact that they are such sureties. The gist of the action is the ownership or right of possession in the plaintiff and the wrongful seizure and detention by defendants, and the primary relief sought is the return of the property in specie. In order that the complaint state a cause of action, it must not only allege ownership or right of possession in the plaintiff, but it must allege the wrongful seizure and detention of it by the defendants. The action lies only against the party in possession. (18 Ency. Pleading and Practice, 509.) Tested by these rules, as to the defendants Barrett and John R. Bordeaux the complaint states no cause of action.

Certain of the instructions are also open to criticism other than that made upon them, but these features are all fully covered in disposing of the numerous questions involved, and the views of this court as expressed upon the former appeal, taken in connection with the observations herein contained, will be sufficient to direct the trial of this cause in the court below.

The judgment and order are reversed, and the cause is remanded, with directions to grant defendants a new trial, and to take such further action as may not be inconsistent with the views herein expressed.

Mr. Chief Justice Brantly and Mr. Justice Milburn concur.

*Reversed and remanded.*

