HAYES, Administrator, Respondent, *v.* MOFFATT, Appellant.

(No. 6,332.)

(Submitted October 5, 1928. Decided October 23, 1928.)

[271 Pac. 452.]

*Mr. P. F. Leonard,* for Appellant, submitted a brief and argued the cause orally.

*Mr. R. B. Hayes,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

Action for the recovery of specific personal property. Eugene Elizabeth Drake commenced the action by the filing of a complaint containing the usual and necessary averments, in an action in claim and delivery, as to her ownership and right to possession of the property particularly described, at the commencement of the action, the value thereof, the wrongful taking and retention by defendant, demand therefor and defendant's refusal to yield possession, and the damages suffered. It further alleged that defendant claimed to own the property. By appropriate proceedings plaintiff thereafter secured possession of the property described.

By answer, defendant admitted that he claimed to be the owner of the property described and the value thereof as alleged in the complaint; he denied that plaintiff was the owner or entitled to the possession of the property or has been damaged in the sum alleged, or any other sum, and met the allegations of wrongful taking and retention by the following allegations: "Denies that said defendant on or about the eleventh day of January, 1927, * * * without plaintiff's consent, wrongfully came into the possession of said personal property * * * . Denies that defendant unlawfully withholds and detains said property from the possession of the plaintiff," etc.

The answer contains no allegation of demand for the return of the property to him, and the prayer thereof does not ask that the property be returned to defendant, the only prayer of the answer being that "plaintiff take nothing, * * * that her complaint be dismissed, and that said defendant have and recover * * * his costs."

The cause was tried to the court and a jury and resulted in a verdict in favor of plaintiff, which verdict recites that the jury finds the issues in favor of the plaintiff and against the defendant, and finds that, at the time of the commencement

of the action, plaintiff was, and now is, the owner and entitled to the possession of "the property described in plaintiff's complaint, being the following described personal property." Then follows a description of an automobile and auto trailer, an electric piano player, household goods, a number of chickens, and certain small farm tools and implements. The verdict is silent as to certain horses, harness and farm machinery included in the property claimed by plaintiff and described in the complaint. The verdict then declares the value of the property so found to belong to plaintiff, and that the defendant wrongfully took the property from the possession of plaintiff prior to the commencement of the action and detained it at the time of the commencement of the action. It closes with the finding that "plaintiff is entitled to the recovery of the possession of said property, or to its true value." Judgment was entered on the verdict to the effect that plaintiff recover from defendant the property described in the verdict, or the value thereof "in case delivery cannot be had, which is the sum of $2,000."

Defendant moved for a new trial, and, at the time the motion was heard, plaintiff disclaimed any right, title or interest in or to the articles eliminated by the jury. The motion for a new trial was denied, and defendant thereupon appealed from the judgment. After the appeal was perfected plaintiff died and R. B. Hayes was duly appointed administrator of her estate. The administrator has been duly substituted as party plaintiff in this action.

By appropriate specifications of error defendant challenges the sufficiency of the evidence to support the verdict and the legality of the verdict and judgment; contends that the verdict did not pass upon, and is not responsive to, all of the issues submitted, and particularly did not pass upon the ownership of, and right of possession to, a part of the property involved in the case, and asserts that the jury should have found the value of such property, and awarded it to the defendant by the

verdict, and the court should have made such award in the judgment. Defendant further contends that the judgment . is not in the alternative. Error is further specified on the court's action in giving certain instructions to the jury and in refusing to give certain instructions offered by defendant.

1. Counsel for defendant first asserts that the wrongful ██ taking and detention was not proved as alleged. This assertion is made upon the record showing that, at the time the action was commenced, plaintiff was living on her ranch near Miles City, and all the property described was then on the ranch. In this connection the record further shows that defendant was also living upon the ranch, claiming it as his own and claiming the personal property thereon, and that he had, prior to the commencement of the action, ordered the plaintiff off the place; that, as to the main articles in dispute, the automobile and the player piano, he had them locked up, and, as to the balance, defendant ordered plaintiff not to take or use it. Plaintiff thereupon commenced this action and secured defendant's removal from the premises. This was all brought out on cross-examination; on direct examination plaintiff had stated positively that defendant had taken all of the property described from her possession and held the same and refused to return it to her at the time the action was commenced.

As a matter of law, no evidence on the part of the plaintiff was necessary on this point, for the reason that the allegations of the answer relating thereto, as above quoted, are denials pregnant with the admission that defendant did take and detain the property, the denials extending only to the allegations of the complaint that such taking was wrongful, and the detention thereof unlawful. (*Yank* v. *Bordeaux*, 29 Mont. 74, 74 Pac. 77; *Harris* v. *Shontz*, 1 Mont. 212.)

However, aside from the fact that plaintiff was not required ██ to prove the taking and detention, we are of the opinion that the facts shown were sufficient to make out a prima facie case. To warrant a verdict in a case such as this, the posses-

sion shown need not be actual; constructive possession is sufficient (34 Cyc. 1400), which term may be used to designate the relation of the owner thereof to personal property, when the owner knows where the property is and would be able to recover its actual possession when he desired. (12 C. J. 1305.) When the defendant entered upon the premises in question, claiming ownership of both the land and the personal property, took possession of some of the personalty, and exercised dominion and control over the remainder by ordering the plaintiff off the place and forbidding her to use any of the property, with the present ability to enforce his commands, he was in either the actual or constructive possession of all of the property, although the plaintiff was still physically on the ranch at the time the action was commenced.

2. Defendant insists that the verdict and the judgment ██ are fatally defective and not responsive to all of the issues tendered, by reason of the fact that both are silent as to a part of the property claimed by plaintiff in her complaint.

As to the verdict, it is true that Cobbey on Replevin, second edition, section 1056, page 592, declares that "if the verdict fails to determine the rights of the parties as to all of the property in question, it is fatally defective, and no valid judgment can be entered thereon." The author cites three Wisconsin cases in point and a South Carolina case not directly so. As was said by the supreme court of California in *Pico* v. *Pico,* 56 Cal. 453: "This position is based upon supposed precedents in the action of replevin. While, however, the proceedings in our action, 'claim and delivery,' are in some respects analogous to those in 'replevin,' certain features which distinguish the practice in replevin have not survived."

The only one of these "features" which we need note here is that, under our system of pleading, the general denial puts in issue the plaintiff's right to the possession of the property— the material matter.

In an action in claim and delivery a plaintiff may recover a part of the property and be compelled to return a part (*Collier* v. *Fitzpatrick*, 19 Mont. 562, 48 Pac. 1103), and this may be declared by the verdict, or, where the verdict is silent as to a part of the property claimed, its silence is equivalent to a verdict in favor of the defendant as to such property. (*Wittick* v. *Traun*, 27 Ala. 566, 62 Am. Dec. 778.) The right of the defendant to a return of the property then becomes but a question of law for the court to declare, as a legal conclusion, in its judgment. (*Waldman* v. *Broder*, 10 Cal. 378.)

The verdict was, therefore, sufficient to award the eliminated property to defendant, except that it did not fix the value of such property as a basis for an alternative judgment in favor of defendant as to that property; what the effect of such an omission would be we need not now determine, for the reasons hereinafter stated. The verdict is sufficient to sustain the judgment in favor of plaintiff; if defendant is also entitled to judgment it is in the nature of a separate judgment and does not affect the validity of the verdict in favor of the plaintiff, as, in an action in claim and delivery, both parties are actors as though two separate actions are tried. (*Pitts Agr. Works* v. *Young*, 6 S. D. 557, 62 N. W. 432.)

As to the judgment: If the defendant in an action such as ▮ this has brought himself within the provisions of the statute relating thereto, and the jury return a verdict silent as to a part of the property claimed, thus in effect awarding that property to the defendant, and the judgment follows the verdict, on appeal the judgment should be modified by awarding the return of such property to the defendant. (*Ryan* v. *Fitzgerald*, 87 Cal. 345, 25 Pac. 546.) This would do, were it not for the arbitrary requirements of our statutory provisions regarding the verdict and judgment in claim and delivery actions.

Section 9363, Revised Codes of 1921, provides that "in an action for the recovery of specific personal property, if the property has not been delivered to the plaintiff, or the defendant, by his answer, claim a return thereof, the jury, if their verdict be in favor of the plaintiff, or if, being in favor of the defendant, they also find that he is entitled to a return thereof, shall find the value of the property, * * * and may at the same time assess the damages. * * * "

Section 9406, Id., reads, in part, as follows: "If the property has been delivered to the plaintiff, and the defendant claim a return thereof, judgment for the defendant may be for a return of the property, or for the value thereof, in case a return cannot be had, and damages for taking and withholding the same."

It will be noted that these two provisions predicate defendant's right to affirmative relief upon his demand therefor; first, if he desires a verdict, other than a general verdict in his favor, he must "by his answer" claim a return of the property, and, second, the judgment may be for a return of the property to the defendant "if * * * the defendant claim a return thereof."

Section 9363 has been the law of this state since 1867 (Bannack Statutes, p. 73) but it is identical with California's statute on the same subject. Section 9406 was adopted from California in 1907 (sec. 6803, Rev. Codes 1907) and was construed by the supreme court of California long before its adoption by our legislature, when, after declaring the rights of a defendant in a claim and delivery action, it said: "Nevertheless, a defendant cannot have *judgment* for a return of the property or its value, unless he has claimed a return in his answer (Code Civ. Proc. 627, 667; *Gould* v. *Scannell,* 13 Cal. 430). But this, even if it be held to require a formal demand, is not because such demand is necessary to eke out the denials, or constitutes of itself an affirmative allegation, but because it is arbitrarily made the duty of defendant to assert his formal claim for a return as a prerequisite to a judgment

for the return of the property or its value." (*Pico* v. *Pico,* above, decided in 1880.) This declaration is affirmed in *Banning* v. *Marleau,* 101 Cal. 238, 35 Pac. 772, and *Lee* v. *De La Motte,* 47 Cal. App. 23, 189 Pac. 1034.

In *Barrett* v. *Shipley,* 63 Mont. 152, 206 Pac. 430, it is said that in an action in claim and delivery "the return of the property and the award of costs follow as incidents of plaintiff's failure to establish his case," but it does not appear from the report whether defendant demanded a return of the property in that case or not, and the court merely declared a general principle of law applicable to the matter under discussion.

The legislature has seen fit to impose a condition upon the defendant in this class of cases as a prerequisite to the recovery of a judgment such as defendant contends for, and even in the absence of the rule, that, on the adoption of a statute from a sister state the legislature is presumed to have adopted the interpretation given the statute by the courts of that state, we cannot read out of the statute above quoted the requirements which the legislature of this state has solemnly placed therein.

The answer of the defendant would not support a judgment in his favor for the return of the property eliminated by the jury from the verdict (*Lee* v. *De La Motte,* above), and therefore no error was committed in failing to incorporate such a provision in the judgment rendered.

3. There is no merit in the specification that the court erred in failing to enter judgment in the alternative; the judgment is so drawn, but even if the provisions in this regard are defective, the judgment is sufficient, since, where, as here, the property has been turned over to the plaintiff prior to trial, there is no occasion or necessity for an alternative clause in the judgment. (*Claudius* v. *Aguirre,* 89 Cal. 501, 26 Pac. 1077; *Erreca* v. *Meyer,* 142 Cal. 308, 75 Pac. 826.)

4. Defendant has specified error upon the court's refusal to give offered instructions defining "joint adventurers" and

their rights as affecting possession of jointly acquired property. In view of defendant's attitude on the stand regarding the ownership of the property, we doubt the applicability of such instructions; but even if applicable, no reversible error was committed in the court's refusal to give the offered instructions, as the court fully instructed the jury to the effect that if they found that the property was jointly owned by the parties, neither was entitled to the exclusive possession thereof, and that, in order to prevail, plaintiff must have proved that she, and she alone, was entitled to the exclusive possession of the property claimed at the time the action was commenced.

5. We have examined the court's instructions, on the giving of which error is predicated, and find them not open to the objections made thereto on their settlement.

Finding no reversible error in the record, the judgment must be affirmed, and it is so ordered.

*Affirmed.*

ASSOCIATE JUSTICES STARK and GALEN concur.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICE MYERS not sitting.