CAMPBELL, appellant, *v.* RANKIN, respondent.

EVIDENCE — *best proof of location and possession of mining claim.* C. brought this action to recover damages for a trespass upon a mining claim in a certain gulch. Before the trial C. moved for a continuance, and offered an affidavit in support of his motion, showing that the written laws of the gulch had been destroyed; that the laws regulated the location and holding of the claim in controversy, and defined its boundaries; and that the predecessors in interest of C. owned and possessed the claim under these laws, which were then in force. At the trial, C. offered oral testimony to prove that he owned and possessed the claim; that R. trespassed thereon, and admitted that there was such a claim, and that he knew where the claim was, and was upon it on a certain day. C. also offered some judgments and deeds. The testimony was excluded by the court. *Held*, that the court can direct the order of proof and require the best evidence to be produced before any other testimony is submitted. *Held*, also, that the affidavit for the continuance disclosed the best evidence that could be produced at the trial by C., and that the court properly rejected the testimony of C. at the time it was offered.

ESTOPPEL BY JUDGMENT WHEN MANY ISSUES OF FACT ARE SUBMITTED TO
JURY.  At the trial, C. offered in evidence the judgment entered in his
favor in an action commenced by R. against C. to recover the possession
of a mining claim in Confederate gulch and $250 damages.  C. main-
tained that the same property was involved in both cases, and that R. was
estopped from denying that C. owned it.  It appears from the pleadings
that R. was required to prove that he was the owner of the claim, or en-
titled to its possession, and that C. wrongfully entered thereon and took
and withheld its possession from R.  The court excluded the evidence·
*Held,* that a judgment which has been rendered in an action that has been
tried upon its merits is a bar to another suit between the same parties, or
their privies for the same cause.  *Held,* also, that the judgment offered
by C. may have been based upon one of a number of questions of fact,
and is not conclusive upon any of them in this action, when there are no
means of determining upon which the verdict has been found.

### *Appeal from Third District, Meagher County.*

THE case was tried before WADE, J.

W. E. CULLEN and SHOBER & LOWRY, for appellant.

The judgment roll in *Rankin* v. *Campbell et al.* is conclusive
of the issues in this action and should have been admitted in evi-
dence.  Starkie's Ev. (8th ed.) 323; Smith's L. C. 424; Freeman
on Judgt., §§ 252, 302, 249.

In that case the issue made by the pleadings relates to the title
and right of possession of the premises in controversy.  A ver-
dict for the same cause of action between the same parties is con-
clusive.  The cause of action is the same when the same evidence
will support both actions.  Freeman on Judgt., ch. 12, and cases
cited; *Wood* v. *Jackson,* 8 Wend. 9; Starkie's Ev. 334.  The
judgment in *Rankin* v. *Campbell et al.* was proper testimony un-
der the general issue, if it was not a perfect estoppel.

A party may introduce his proof in his own order.  *Palmer* v.
*McCafferty,* 15 Cal. 334.

It was proper to introduce in evidence a deed under which ap-
pellants had actual possession of the ground in dispute.  2 Greenl.
Ev., §§ 298, 299.

Appellants need not show that their possession was according to
local laws.  Like the vendee under a deed, appellants should have
been allowed to make a *prima facie* case upon possession.  This

is enough until it is shown that the possession is wrongful. *Penn. M. Co.* v. *Owens*, 15 Cal. 136; *English* v. *Johnson*, 17 id. 119. The possession of appellants must be presumed to be rightful and is sufficient to maintain this action.

The court erred in excluding evidence of the possession of the premises by appellants and the laws of German district, and the judgment roll in *Campbell* v. *Ford*. Damages to the property in controversy were recovered by the predecessors of appellants in that action in which respondent was the real party in interest.

The admissions of respondent that there was such a claim as that described in appellants' complaint, and that appellants were the owners of it, were clearly competent. 1 Greenl. Ev. 51; 1 Starkie's Ev. 90; 1 Phillips' Ev. 89.

CHUMASERO & CHADWICK and TOOLE & TOOLE, for respondent.

Appellants should have described the ground in controversy by metes and bounds. *Hess* v. *Winder*, 30 Cal. 349; Civ. Pr. Act, § 66; Cod. Sts. 389, § 1.

The description in the complaint is insufficient and the evidence offered was incompetent under the issues. *English* v. *Johnson*, 17 Cal. 119; *Coryell* v. *Cain*, 16 id. 573; *Attwood* v. *Fricot*, 17 id. 37; Yale Min. Laws, 61.

The appellants' affidavit for a continuance showed that the ground was within an organized mining district and held under miners' rules. Respondent could introduce no proof until they showed that there was a tract known as " claim No. 2, Green Horn gulch." Yale's Min. Laws, 61–6; *Line Y. Co.* v. *Oregon Co.*, 7 Cal. 40; *Table M. T. Co.* v. *Stranahan*, 20 id. 198; *King* v. *Edwards*, 1 Mon. 235. No testimony could be admitted until this was proved.

The deed was properly excluded. *Hicks* v. *Coleman*, 25 Cal. 134; *Hess* v. *Winder*, 30 id. 358.

The judgment roll in *Rankin* v. *Campbell et al.* was not *res adjudicata* of any of the rights in this case, and was therefore excluded. *Kennedy* v. *Scovil*, 14 Conn. 70, and authorities above cited.

The receipt of evidence out of its proper order is within the discretion of the court. Its reception or rejection is not error un-

less there is an abuse of this discretion. *Lick* v. *Diaz*, 37 Cal.
437; *Crosett* v. *Whelan*, 44 Cal. 200.

As to estoppel by record generally, see Freeman on Judgt., §§
250–264; *Lentz* v. *Victor*, 17 Cal. 274; *Flandreau* v. *Downey*, 23
id. 354; *Irvine* v. *Adler*, 44 id. 560.

BLAKE, J. The appellants bring this action to recover damages
for an alleged trespass upon placer mining property. They allege
in their complaint that they are the owners and possessors of
"what is known and designated as claim number two below dis-
covery in Green Horn gulch, Meagher county, Montana Territory."
They describe the premises as follows: "Commencing at the in-
tersection of the rim rocks of Green Horn gulch with Confeder-
ate gulch, and extending up said Green Horn gulch to the lower
line of what is known as claim number one below discovery in
Green Horn gulch, a distance of about two hundred feet, and em-
bracing said distance the entire channel of said Green Horn gulch
from rim rock to rim rock of said gulch." It is alleged that the
respondent committed the trespass upon a portion of this prop-
erty.

The answer denies specifically the averments of the complaint,
the existence of the claim therein described and that the same had
any description or boundary. Before the action was tried, the
appellants made a motion for the postponement of the trial and
offered in its support the affidavit of one of the appellants. It
sets forth that the appellants can prove by a certain witness that
the original written records and laws of said Green Horn gulch
had been destroyed; that the size and manner of locating and
holding the claims in said gulch were established and controlled
by said records and laws; that the records "showed the size, lines,
boundaries and location of claim numbered two below discovery
in said gulch," and that the records "further showed that the
predecessors in interest of these plaintiffs took up, possessed,
held, owned and occupied said claim in accordance with the local
rules and regulations of miners then in force in said gulch."

The evidence offered by the appellants was excluded at the trial
and the exceptions to this ruling of the court are before us for re-
view. The oral evidence tended to prove that on a certain day

one of the appellants was on "claim No. 2 in Green Horn gulch below discovery;" that he knew where the claim was situated and had been in the possession of it several years ; that he had had a conversation with the respondent, who had admitted that there was such a claim ; that the appellants were the owners of the claim and the respondent had trespassed on the same ; that there was a claim known as claim number two below discovery in Green Horn gulch, and that the appellants had been in its possession under certain deeds.

The written evidence comprised the judgment rolls in the cases of *Rankin* v. *Campbell et al.*, and *Campbell et el.* v. *Ford et al.*, the laws of the German mining district, and a deed to some of the appellants and their predecessors in interest. The action of *Rankin* v. *Campbell et al.* was brought to recover damages for an alleged trespass upon the gulch portion of the mining claim numbered eight in Confederate gulch, which all the parties conceded was located in the German mining district. Campbell *et al.*, the defendants, averred that it was known as claim numbered two below discovery in Green Horn gulch. Judgment was entered for Campbell *et al.*, who did not pray in their answer for affirmative relief. In *Campbell et al.* v. *Ford et al.*, the plaintiffs recovered damages against the sureties upon the injunction undertaking given in *Rankin* v. *Campbell et al.* Some of the facts appear in the reports of these cases. *Rankin* v. *Campbell et al.*, 1 Mon. 300 ; *Campbell* v. *Metcalf et al.*, id. 378. The deed purported to convey to some of the appellants property described as " our mining claim No. 2, below discovery in Green Horn gulch, German district, Meagher county, Montana Territory." The bill of exceptions states that the laws of the German district were offered as evidence to show that the dividing line between the claims in Confederate gulch and its tributaries is confined to the intersection of the rim rocks of the gulches.

The mining property mentioned in the complaint is not described by legal subdivisions, or metes and bounds, which are required by the Civil Practice Act, § 66. Under the issues made by the pleadings, the appellants could not recover if they failed to prove that they owned and possessed a certain tract of mining ground known as " claim number two, Green Horn gulch." This

court has held that the court in which the action is tried can direct the order of proof, and we do not think that the rule will be doubted. *Griswold* v. *Boley*, 1 Mon. 558.

It cannot be denied that most of the testimony which was rejected at the trial was competent and relevant in similar actions to establish the existence of the claim in controversy, and support the allegations of the complaint. But the appellants, in their affidavits filed with the motion for a continuance, disclosed the facts that have been referred to. They informed the court that this claim was within an organized mining district, and that their title and right of possession to the same were founded upon its written rules and customs. It is a legal presumption that these laws were in force in Green Horn gulch and the district including the mining claim of the appellants. *King* v. *Edwards*, 1 Mon. 235. The court could not ignore its knowledge of these facts, which must control its discretion in the admission of testimony. The appellants, by their voluntary conduct, determined the character of the evidence which was demanded upon the trial. The action of the court, under the circumstances, has been defined clearly, and we will examine the rules governing its discretion in the direction of the order of the proof.

Prof. Greenleaf states these conclusions: The rules regulating the introduction of evidence require that the best evidence of which the case in its nature is susceptible must be produced. When it appears that "better evidence is withheld, it is fair to presume that the party had some sinister motive for not producing it, and that, if offered, his design would be frustrated." "Until it is shown that the production of the primary evidence is out of the party's power, no other proof of the fact is, in general, admitted." 1 Greenl. Ev., §§ 82, 84. The application of these elementary principles is decisive of this branch of the case. The appellants never offered to introduce the written rules and customs of Green Horn gulch, or show that they had been lost or destroyed, and the evidence that was excluded could not be substituted to prove the existence of the mining claim described as claim numbered two in this gulch. The written rules and customs were the best evidence in this case.

The court ruled properly that no evidence of the possession of

the property by the appellants, or declarations of the respondent regarding the same, could be admitted until the identity of the mineral ground had been established by the highest testimony. The deed does not contain a description which can aid the jury in ascertaining the boundaries of the claim, and was incompetent.

The appellants contend that the judgment roll in *Rankin* v. *Campbell et al.* is conclusive of some of the issues in this action, and that the respondent is estopped from denying that the appellants are the owners of the property. It is maintained that the judgment entered in favor of Campbell *et al.*, in that cause, was made in a case which was tried upon its merits, between the same parties, and in which the same subject-matter was litigated as that under consideration. If this proposition is correct, that judgment would be a complete bar to another suit between the same parties or their privies for the same cause. " When a fact has once been put in issue and determined by a final judgment in the course of a judicial proceeding, such judgment is conclusive evidence of the existence of the fact in all controversies between the same parties in which it is material." *Stockwell* v. *Silloway*, 113 Mass. 385, and cases there cited; *Bigelow* v. *Winsor*, 1 Gray, 301; *Foote* v. *Gibbs*, id. 412; *Jones* v. *Petaluma*, 36 Cal. 230; *Boggs* v. *Clark*, 37 id. 236; *Tracy* v. *Merrill*, 103 Mass. 282, and cases there cited.

It appears from the pleadings, in *Rankin* v. *Campbell et al.*, that Rankin was required to establish by the testimony that he was the owner of a certain mining claim in Confederate gulch, or entitled to its possession; that the defendants wrongfully entered thereon and took and withheld its possession from him. The prayer of the complaint is for the possession of the property, $250 as damages and a temporary and perpetual injunction. There are other allegations in the complaint respecting the insolvency of Campbell *et al.*, which might be material if the court was asked to grant equitable relief. The defendants prayed to be dismissed without day and for their costs, and no valid judgment could be rendered that they were entitled to the mining ground described in the pleadings. If Rankin failed to prove some of the material allegations referred to, Campbell *et al.* might obtain a judgment without offering any evidence. Rankin

might have the right of property and the defendants might have the right of possession. If the jury based the verdict upon the failure of the plaintiff to show that Campbell *et al.* withheld the possession of the premises from him, it cannot be contended that the question of ownership was decided. *Arnold* v. *Arnold,* 17 Pick. 4.

Does the judgment entered in *Rankin* v. *Campbell et al.* constitute an estoppel in this action ? We think that the law determining this question has been announced in the following cases. In *Richardson* v. *Boston,* 19 How. 263, Mr. Justice GRIER says : " The plea of the general issue, in actions of trespass or case, does not necessarily put the title in issue; and, although the judgment is conclusive as a bar to future litigation for the thing thereby decided, it is not necessarily an estoppel in another action for a different trespass." In *Burlen* v. *Shannon,* 99 Mass. 202, Mr. Justice FOSTER examines the authorities and says : " The ground taken by the defendant is, that a general verdict and judgment are conclusive in favor of the prevailing party as to all issues actually involved in the trial, upon which any evidence was offered and which were submitted to the jury, although it may not appear that they were the very points on which the decision turned, and it may be doubtful in favor of which party any one of them was found, or even whether as to all of them the jury came to any conclusion. Such, however, is not in our opinion the true doctrine of the law. A verdict and judgment are conclusive by way of estoppel only as to those facts which were necessarily involved in them, without the existence and proof or admission of which such a verdict and judgment could not have been rendered." The argument of the appellants is the same as that submitted by the defendant in *Burlen* v. *Shannon, supra,* and refuted by the court. In *Lea* v. *Lea,* 99 Mass. 496, the court says that " there are no means of determining upon which of the three consistent grounds of defense the verdict was rendered ; and therefore it cannot be conclusive upon either." Bigelow on Estoppel (2d ed.), 82, 88, and cases there cited ; *Packet Co.* v. *Sickles,* 5 Wall. 580 ; *Leonard* v. *Whitney,* 109 Mass. 268. We are unable to decide on which of the questions of fact submitted to the jury, in the case of *Rankin* v. *Campbell et al.,* the

verdict was based, and do not think that the judgment is con-
clusive upon any of them. The ownership and right of posses-
sion of the property in controversy are not necessarily involved
in the determination of the action by the jury. The judgment
roll was not competent testimony in this case. The suit of
*Campbell et al.* v. *Ford et al.* was the effect of the judgment in
the other action, in which the temporary injunction was dissolved,
and its judgment roll could not affect the issues which were tried
in this cause.

*Judgment affirmed.*