LINDSLEY, RESPONDENT, v. McGRATH, APPELLANT.

(No. 2,301.)

(Submitted October 11, 1906.  Decided December 11, 1906.)

*Claim and Delivery—Instructions—Assumption of Facts—Mortgages—Transfer—Evidence—Harmless Error—Principal and Agent—Power of Attorney.*

Claim and Delivery—Instructions—Assumption of Facts—Mortgages—Transfer—Notice.

1. Instructions requested by defendants in an action in claim and delivery, that unless one of the defendants, as assignee of a chattel mortgage, had notice or knowledge of a prior mortgage to plaintiff's assignor, the verdict should be for defendants, and that the burden of proof is on the plaintiff to establish the fact that such defendant had notice of the prior mortgage, contained an assumption that the defendant had paid value therefor, a fact directly in issue, and were properly refused by the court.

Same—Evidence—Appeal—Harmless Error.

2. Where, in an action in claim and delivery, the mortgagor of the chattels in controversy, called to testify in behalf of plaintiff, on her examination in chief was asked whether she had not made a statement that a mortgage had been made by her on the property, but that it would be released by the mortgagees at any time she asked them to do so, and she answered in the negative, any error committed in permitting the question to be answered, if error, was harmless.

Same—Principal and Agent—Power of Attorney—When Authority Conferred may not be Questioned.

3. Where one, claiming to act for another, had taken possession of personal property under a mortgage held by his principal, and, under a writing giving him power to do any and all things necessary in the premises, but which failed to state what the premises were, had transferred for value the mortgage and a note secured by it, one of the defendants in an action in claim and delivery, who claimed no interest whatever in the chattels in controversy but had acted as agent of his codefendant in the taking of them, could not complain that the attorney in fact of the original holder of the mortgage had acted without or in excess of his authority under his power, or that the writing was void for uncertainty.

*Appeal from District Court, Silver Bow County; Geo. M. Bourquin, Judge.*

ACTION by Ida Lindsley against John McGrath and another. From a judgment in favor of plaintiff, and from an order denying him a new trial, defendant McGrath appeals. Affirmed.

*Messrs. Maury & Hogevoll,* for Appellant.

*Mr. C. M. Parr,* for Respondent.

MR. JUSTICE HOLLOWAY, delivered the opinion of the court.

This is an action in claim and delivery brought by Ida Lindsley against John McGrath and John Doe, whose true name was to plaintiff unknown at the time of the commencement of the action.

The plaintiff claims to be the owner and entitled to the possession of certain personal property, consisting of household goods in a rooming-house in Butte. She alleges that the defendants wrongfully took possession of the property and retained the same, and that its value is $2,750, and she claims to have been damaged in the sum of $500 by reason of its wrongful detention. She alleges that before the commencement of the action she made demand upon defendants for the return of the property, but this demand was refused. Defendant McGrath and one William Case made a joint answer, in which they say that Case is the person sued as John Doe. They deny the ownership or right of possession of plaintiff to the property; admit that it is worth $2,750; and admit that they took possession of it without the consent of the plaintiff, and retained such possession until the property was taken from them by the sheriff in this action. They deny that the taking or detention was wrongful, and deny that any demand was made upon them. They deny that plaintiff was damaged in any sum whatever.

Defendants then set forth that on June 2, 1905, Anna Gardner was the owner, in possession, and entitled to the possession of this property; that she then and there made, executed and delivered to one Nannie Lemmon a certain promissory note for $1,000 due one year after date, bearing interest at one per cent per month, interest payable monthly, and, to secure the payment of said sum, then and there executed and delivered to the said

Nannie Lemmon a certain chattel mortgage on the property now in controversy; that upon the same day the defendant Case, for a valuable consideration, bought from Nannie Lemmon said note and mortgage; that thereafter, on June 8, 1905, he deemed his security unsafe for the reason that Anna Gardner had given possession of the property to Rodgers & Davenport, and so deeming his security unsafe, Case, acting through his agent, McGrath, took possession of the property and continued to hold the same until this action was commenced.

The reply admits the execution and delivery of the note and mortgage by Gardner to Lemmon, but denies that there was any consideration whatever for either; alleges that they were made to hinder and defraud this plaintiff; and also charges that there was a conspiracy entered into between Gardner, Case, and the attorneys for Lemmon to defraud this plaintiff out of her property. The reply further denies that there was any consideration for the transfer of the note and mortgage, or either of them, from Lemmon to Case.

Upon the trial the plaintiff undertook to prove her right to the possession of the property by showing that on February 3, 1905, Anna Gardner, who was then the owner and in possession of the property, had executed and delivered to one Ada Stadler certain notes aggregating $2,750, and, to secure the payment of the same, had executed and delivered a chattel mortgage upon the property in controversy; that thereafter, for a valuable consideration, Ada Stadler, acting through J. R. Davenport, who claimed to be her agent appointed by a power of attorney, had assigned the note and mortgage to the plaintiff after he had taken possession of the property under the mortgage. The power of attorney is as follows: "Know all men by these presents that we, J. J. Stadler and Ada Stadler, of the county of Meade, state of Kansas, have made, constituted, and appointed, and by these presents do make, constitute, and appoint, J. R. Davenport, of Silver Bow county, Montana, our true and lawful attorney, for us and in our names, places, and stead, giving and granting unto our said attorney full power and authority to do

and perform all and every act and thing whatsoever requisite
and necessary to be done in and about the premises as fully, to
all intents or purposes, as we might or could do if personally
present, hereby ratifying and confirming all that our said at-
torney, J. R. Davenport, shall lawfully do or cause to be done
by virtue of these presents. In witness whereof,'' etc.

Upon the trial the witness Gardner was asked by counsel for
plaintiff if she had not told plaintiff on the evening of June
2d that she had that day given a mortgage to Maury & Hoge-
voll, but that they would release it any time she asked them, and
if she did not state that she would then go to Maury & Hoge-
voll's office and have them undo what she had done that day,
and that she left and soon afterward returned, saying she could
not do it, that they, meaning Maury & Hogevoll, refused to do
it. This was objected to, but the objection was overruled, and
the witness answered that she had not made any such statement
to the plaintiff. At the close of the testimony counsel for de-
fendants moved the court to direct a verdict in their favor upon
five grounds; but, as only one is argued in appellant's brief, it
will be unnecessary to state the others. The ground of the mo-
tion argued is that the evidence fails to show any authority from
Ada Stadler to J. R. Davenport to transfer the note and mort-
gage, or either of them, to the plaintiff. This motion was over-
ruled.

The defendants requested the court to give instructions num-
bered 2 and 5, as follows: ''No. 2. Unless you find that
William Case had notice or knowledge of some prior mort-
gage to Ada Stadler, your verdict should be for defendants.''
''No. 5. The court instructs the jury that in this case there
is no evidence showing, or tending to show, that William Case
had any knowledge or notice of any chattel mortgage from
Anna Gardner to Ada Stadler, and that the burden of proof
is on the plaintiff to establish the fact that William Case
had notice or knowledge of some other mortgage. The fact that
the prior mortgage had been recorded would not be notice to

Case, as it was not entitled to record." The request was re-fused.

The jury returned a verdict in favor of the plaintiff, and judgment was entered thereon adjudging plaintiff to be the owner and entitled to the possession of the property, and that she recover her costs. From this judgment and an order deny-ing his motion for a new trial, the defendant McGrath appeals.

The appellant makes the following assignments of error: (1) Error in the refusal of the court to give defendants' requested instructions 2 and 5 above; (2) error in the admission of evi-dence; and (3) error in the refusal of the court to direct a ver-dict in favor of the defendants.

1. In each of the requested instructions above there is an assumption of fact which was directly in dispute, viz., that Case had paid value for the Lemmon note and mortgage. This must be so; for, if he did not pay anything for them, the rule announced would not have any application to him. It is only applicable upon the assumption that he had in fact paid value for them; and whether in fact he had done so was an issue di-rectly before the jury for determination, and any assumption by the court of such a fact would have been error. (*Gallick* v. *Bordeaux*, 31 Mont. 328, 78 Pac. 583, and cases cited.) For the reason stated, each of the instructions was properly refused.

2. Counsel assign as error the ruling of the court in permit-ting the witness Gardner to answer the question stated above, as to whether she had not made a certain statement to Mrs. Lindsley on the evening of June 2d; but in their brief they argue an entirely different matter. They say: "The court erred in allowing evidence of Mrs. Gardner to be introduced to the effect that she, after the alleged conspiracy was completed, had made a statement to the fact that the mortgage to Lemmon was not made in good faith." But counsel are mistaken as to the contents of the record. The record shows that Mrs. Gardner de-nied absolutely that she made any such statement; and there-fore the error, if any, in asking the question was harmless. The plaintiff introduced the testimony of Mrs. Lindsley to the effect

that Mrs. Gardner had made the statement above. But this testimony went in without objection, so far as this record discloses.

3. In order to make out her case, plaintiff called J. R. Davenport to show by what authority he transferred to her the Stadler note and mortgage. Davenport assumed to act for Mrs. Stadler under the power of attorney, the terms of which are set out above. Appellant contends that the instrument is void for uncertainty—that Davenport is not thereby authorized to do any particular thing or act for Mrs. Stadler generally. While it must be admitted that the instrument is very uncertain in its terms, we are not prepared to say that it is void. It was not necessary that the authority exercised by Davenport be conferred in writing (Civ. Code, sec. 3085) ; and it is an elementary rule of the law of agency that in a case of this character no particular form of words is necessary to convey the authority or define the agent's powers. (5 Current Law, 65.) Furthermore, in determining the meaning of this instrument, the validity of which is called in question by a third person, McGrath, who does not claim to have any interest in the property whatever, but acted only as agent for Case, who has not appealed and therefore does not complain of the judgment, it should be liberally construed in favor of Mrs. Lindsley, who claims that she has parted with value upon the assumption that Davenport had the authority to do what he assumed to do while in possession of the property. By express terms in the writing Davenport is made the agent for Mrs. Stadler. The scope of his authority is not defined accurately; but so long as his principal, Mrs. Stadler, is not complaining that he has exceeded the authority intended to be granted, this appellant cannot make that complaint for her. That being true, and Davenport having had possession of the property at the time of the transfer, and Mrs. Lindsley having parted with value upon the assumption that Davenport had the authority to transfer the note and mortgage, we shall not stop to inquire the precise effect of the writing so far as it relates to the scope of the agent's authority, but content ourselves

with saying that Davenport was the agent of Stadler, and, as such, transferred the note and mortgage; and, in the absence of any complaint from the principal, we hold that the agent had authority to do what he purported to do. (1 Clark & Skyles on Agency, sec. 236.) Further than this it is not necessary to go.

We have considered the assignments of error argued by appellant in his brief, but think he fails to show that any reversible error was committed.

The judgment and order are therefore affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE MILBURN concur.