STEPHENS, RESPONDENT, *v.* ELLIOTT, APPELLANT.

(No. 2,437.)

(Submitted October 10, 1907.  Decided October 28, 1907.)

[92 Pac. 45.]

*Personal Injuries—Master and Servant—Nonsuit—New Trial—*
*Evidence—Instructions—Judicial Notice—Mortality Tables—*
*Contributory Negligence—Assumption of Risk—Burden of*
*Proof.*

Personal Injuries—Nonsuit—When Properly Overruled.
  1.   A motion for nonsuit made in an action to recover damages for personal injuries by reason of the negligence of plaintiff's employer, was properly overruled, where a *prima facie* case had been made out by plaintiff.

Same—Directed Verdict—When Properly Denied.
  2.   The denial of defendant's motion for an instructed verdict, in a personal injury case, where the evidence introduced on his behalf, while reasonably clear enough to have entitled him to a verdict, if believed by the jury, was contradictory of that offered by plaintiff, and did not present a case so clear and indisputable as would have justified the giving of the peremptory instruction requested, was not error.

New Trial—Conflicting Evidence—Discretion.
  3.   Where the evidence is conflicting, a motion for a new trial upon the ground of the insufficiency of the evidence to sustain the verdict, is addressed to the sound, legal discretion of the trial court.

Personal Injuries—Master and Servant—Issues—Proof.
  4.   Where plaintiff's complaint, in an action to recover damages from his employer for personal injuries, alleged that he was injured while "pursuing his occupation of running a whim" at a mine, evidence that he had been actually employed for a different purpose, to-wit, as a teamster, but had been subsequently put to work running the whim against his protests, was admissible.

Same—Dangerous Machinery—Duty of Master—Instructions.
  5.   The court, in the action above set forth, correctly charged the jury that, in arriving at a verdict they might take into consideration the fact, if it was a fact, that plaintiff had been employed for a different character of work than that to which he was temporarily put, in order to determine whether the defendant, as master, had discharged his duty toward the servant to instruct him as to the dangerous character of such employment, if they found that such temporary employment was of a peculiarly dangerous character.

Appeal—Evidence—Leading Questions.
  6.   Where the answer to a question was not at all responsive, and a motion to strike it was not made, error assigned on the overruling of an objection to the question as leading, will not be considered on appeal.

Personal Injuries—Physicians—Demonstrative Evidence—Discretion.
  7.   It lay within the discretion of the district court to permit a physician, while testifying in a personal injury suit, to make use of the in-

jured arm of plaintiff in an endeavor to explain his testimony to the jury, and, nothing appearing that such discretion had been abused, its action will not be disturbed on appeal.

Same—Evidence to Anticipate Defense—Order of Proof.

8. Error cannot be predicated upon the action of the court, in the cause set forth in the foregoing paragraph, in permitting plaintiff to introduce in his case in chief the testimony of a physician to the effect that plaintiff could not simulate the condition which the witness had found upon examination of the injured limb, or its consequences, where the objection was not that the proper order of proof—a matter largely in the discretion of the trial court—was not being followed, but that the testimony was incompetent and irrelevant.

Same—Evidence—Competency and Materiality.

9. Nor was the testimony, above referred to, incompetent and irrelevant, in view of the defendant's testimony tending to contradict plaintiff's contention that since the injury he had not been able to grasp anything with the hand of his injured arm.

Same—Physicians—Demonstrative Evidence—Discretion.

10. It was not error for the court to permit a physician, who had testified that the motor nerves of plaintiff's hand were entirely destroyed by the injury, and that, in sympathy with this condition, the sensory nerves, which control the feeling in the hand, had become so far paralyzed that no feeling remained in the hand, to demonstrate this before the jury by thrusting a hypodermic needle into the back of plaintiff's hand.

Same—Evidence—Mortality Tables—Judicial Notice.

11. In personal injury cases the district court takes judicial notice of standard mortality tables, offered for the purpose of showing the probable expectancy of plaintiff's life, and, if it is satisfied that the one offered is of that character, no further identification is necessary, and it may be read to the jury by an attorney not sworn as a witness in the case.

Same—Jury—Viewing Premises—Discretion.

12. Where, in a personal injury suit, drawings of the machinery, the faulty condition of which plaintiff alleged as the cause of his injury, had been presented to the jury for inspection, and, upon inquiry by the court, the jurors all stated that they understood the situation, the court acted within its discretion when it refused to direct a view of the machinery itself, at a mine a considerable distance from the place of trial.

Same—Master and Servant—Unsafe Machinery—Duty of Master.

13. The fact that defendant, as employer of plaintiff, did not know of defects in a piece of machinery by reason of which an injury was caused to the latter, is immaterial, if, by the exercise of ordinary care, he should have known of them; and, therefore, an instruction was not objectionable because it failed to advise the jury that in order to find for plaintiff they must find that defendant had knowledge of the alleged defects.

Same—Instructions—Contributory Negligence.

14. An instruction, given in the action above, which, if standing alone would have warranted a verdict for plaintiff, even though guilty of contributory negligence, was not erroneous, where in other instructions the subject of contributory negligence had been fully and clearly covered. Instructions should be considered as a whole.

Same—Master and Servant—Contributory Negligence—Instructions.

15. Plaintiff had never been employed about a mine, nor had he ever seen a whim, prior to entering the service of defendant. He had worked

three days when he was injured. He had been employed as a teamster, but was put to work on the whim, under protest that he was inexperienced in this character of work; nor had he received any warning of the dangers incident to running the whim. *Held*, that an instruction that the jury, in determining whether plaintiff was guilty of contributory negligence, might take into consideration his experience or lack of experience in the employment, and his knowledge or lack of knowledge of the dangers incident to running the whim, was correct.

Same—Contributory Negligence—Assumption of Risk—Burden of Proof—Instructions.

16. Instructions, given in an action to recover damages for personal injuries, charging the jury that the burden of proof to establish the defenses of contributory negligence and assumption of risk was upon defendant, were correct, where the evidence on the part of plaintiff did not show, or tend to show, that his negligence contributed to his injury, or that he assumed the risk incident to his employment.

Appeal—Errors—Briefs.

17. Errors specified, but not argued in appellant's brief, will not be considered on appeal.

Appeal—Instructions—Refusal—When not Error.

18. The refusal of an instruction relative to a subject substantially covered by one given, is not error.

Personal Injuries—Instructions—Assumption of Fact.

19. Defendant's requested instruction which assumed a fact directly at issue, to wit, whether plaintiff had been employed for the purpose of running a whim at a mine, whereas plaintiff contended that he had been hired for a different purpose, and put to work at the whim against his protests,—was properly refused.

*Appeal from District Court, Madison County; Lew L. Callaway, Judge.*

ACTION by Ed. Stephens against Hugh Elliott. From a judgment for plaintiff and from an order denying him a new trial, defendant appeals. Affirmed.

*Messrs. Clark & Duncan,* for Appellant.

When plaintiff's evidence shows, beyond question, that his own omission to use ordinary care contributed immediately to, or itself caused the injury, a nonsuit should be granted. (*Cummings* v. *Helena & L. Smelting & Reduct. Co.,* 26 Mont. 434, 68 Pac. 852; *Meyers* v. *Chicago etc. Ry. Co.* (Mo.), 77 S. W. 149; *Northern Pac. Ry. Co.* v. *Jones,* 144 Fed. 47; *Manchow* v. *Zschezsche & Son Co.,* 113 Wis. 8, 88 N. W. 909; *Iowa Gold Min. Co.* v. *Dufenthaler,* 32 Colo. 391, 76 Pac. 981; *Roul* v. *Palmer Brick Co.,* 114 Ga. 910, 41 S. E. 40; *Trapasso* v. *Cole-*

*man,* 76 N. Y. Supp. 798, 74 App. Div. 33; White on Personal
Injuries in Mines, secs. 131, 134; Bailey's Master's Liability,
191.)　Where it is apparent from the evidence of plaintiff that
he could, by the exercise of ordinary care, have avoided, not
only the injury, but the consequences to himself of the negli-
gence of the defendant, even if such negligence was shown,
he was not entitled to recover and a nonsuit was properly
awarded. (*Barber* v. *East & W. R. Co.,* 111 Ga. 838, 36 S. E.
50; *Horton* v. *Vulcan Iron Wks.,* 43 N. Y. Supp. 699, 13 App.
Div. 508; *Creswell* v. *Shirt Co.,* 100 N. Y. Supp. 497, 115 App.
Div. 12; *Gahagan* v. *Boston & L. R. Co.,* 83 Mass. 187, 79 Am.
Dec. 724; *New Jersey Ex. Co.* v. *Nichols,* 33 N. J. L. 434, 97
Am. Dec. 722.)

Where the accident may have arisen from a variety of causes,
and any one of which is equally probable, and some of which
may be due to defendant's default, while others are due to
influences for which he is not responsible, liability is not fixed
on defendant. (8 Ency. of Ev., pp. 872, 874; *Pieschel* v.
*Miner,* 30 Misc. Rep. 301, 63 N. Y. Supp. 508; *Chicago C. R.
Co.* v. *Rood,* 163 Ill. 477-485, 54 Am. St. Rep. 478, 45 N. E.
238; *Yerkes* v. *Sabin,* 97 Ind. 141, 49 Am. Rep. 434; *Case* v.
*Chicago R. I. P. R. Co.,* 64 Iowa, 762, 21 N. W. 30; *Carpue*
v. *London B. R. Co.,* 5 Adol. & El., N. S., 747; *Treadwell* v.
*Whittier,* 80 Cal. 574-582, 13 Am. St. Rep. 175, 22 Pac. 266.
5 L. R. A. 498; *Howser* v. *Cumberland R. R. Co.,* 80 Md. 146,
45 Am. St. Rep. 332, 30 Atl. 906, 27 L. R. A. 154.)

The court erred in giving to the jury instruction No. 3.
(*Cleveland C. C. & St. Ry. Co.* v. *Butler,* 55 Ill. App. 594;
*Georgia R. Co.* v. *Thomas,* 68 Ga. 744; *Chicago & A. R. Co.* v.
*Mock,* 72 Ill. 141; *Lake Shore & M. S. Ry. Co.* v. *Pauly,* 37
Ill. App. 203; *Murphy* v. *Chicago etc. R. Co.,* 38 Iowa, 539;
*McCormick* v. *Chicago etc. R. Co.,* 47 Iowa, 345; *Hackford* v.
*New York Cent. R. Co.,* 6 Lans. 381, 13 Abb. Pr., N. S., 18;
*Ribble* v. *Starrat,* 83 Mich. 140, 47 N. W. 244.)

The court further erred in giving the jury instruction No.
4. (Blashfield on Instructions to Juries, sec. 387; *Pennsylvania*

*Canal Co.* v. *Harris,* 101 Pa. St. 93; *Galveston Land & Imp. Co.* v. *Levy,* 10 Tex. Civ. App. 104, 30 S. W. 504; *State* v. *Cain,* 20 W. Va. 679; *White* v. *Thomas,* 12 Ohio St. 312, 80 Am. Dec. 347; *Chicago B. & Q. R. Co.* v. *Anderson,* 38 Neb. 112, 56 N. W. 794; *Perot* v. *Cooper,* 17 Colo. 80, 28 Pac. 391.)

Instruction No. 5 is erroneous, in that it assumes that the plaintiff was not pursuing his occupation when running the whim. The instruction is also misleading in that it assumes that the plaintiff did not know of the alleged defects in the machinery, and that they were not open and obvious, whereas, his own testimony clearly shows that the machinery he was called upon to handle was exposed to plain sight. This exposed machinery, and these known alleged defects were such as to charge him, under his own testimony, with the knowledge of their danger. (White on Personal Injuries in Mines, sec. 201; *Kennedy* v. *Merremack Paving Co.,* 185 Mass. 442, 16 Am. Neg. Rep. 89, 70 N. E. 437; *Coullard* v. *Tecumseh Mills,* 151 Mass. 85, 23 N. E. 731; *Prentiss* v. *Kent Mfg. Co.,* 63 Mich. 478, 6 Am. St. Rep. 320, 30 N. W. 109; *Townsend* v. *Langles,* 41 Fed. 919; *Archibald* v. *Cygolf Co.,* 186 Mass. 213, 71 N. E. 315; *O'Keefe* v. *Thorne* (Pa.), 16 Atl. 737.)

The giving of instruction No. 9 was error. (*Erwin* v. *St. Louis I. M. Ry. Co.,* 96 Mo. 290, 9 S. W. 577; *George* v. *Los Angeles Ry. Co.,* 126 Cal. 357, 77 Am. St. Rep. 184, 58 Pac. 819, 46 L. R. A. 829; *Mitchell* v. *Tacoma R. & Motor Co.,* 9 Wash. 120, 37 Pac. 341; *Lynch* v. *Metro St. Ry. Co.,* 112 Mo. 420, 20 S. W. 642; 1 Blashfield on Instructions to Juries, sec. 47; *Galveston H. & S. Ry. Co.* v. *Knippa* (Tex. Civ. App.), 27 S. W. 730; *City of San Antonio* v. *Porter,* 24 Tex. Civ. App. 444, 59 S. W. 922; *City of Burnham* v. *Crider* (Tex. Civ. App.), 27 S. W. 419; *Palfrey* v. *Texas Central Ry. Co.,* 31 Tex. Civ. App. 552, 73 S. W. 411.)

The following cases are to the effect, generally, that where plaintiff's pleading and testimony raise the issue of contributory negligence, it is error to instruct the jury that the burden of proof is on the defendant, without adding the qualification

to the effect that "unless they should find from the plaintiff's own evidence that he was guilty of contributory negligence": *Kennon* v. *Gilmer,* 4 Mont. 433, 2 Pac. 21; *Nelson* v. *City of Helena,* 16 Mont. 21, 39 Pac. 905; *Wall* v. *Helena S. R. Co.,* 12 Mont. 44, 29 Pac. 721; *Taillon* v. *Mears,* 29 Mont. 161, 74 Pac. 421; *Ball* v. *Gussenhoven,* 29 Mont. 321, 74 Pac. 871; *Prosser* v. *M. C. Ry. Co.,* 17 Mont. 372, 43 Pac. 81, 30 L. R. A. 814; *Cummings* v. *H. & L. S. & R. C.,* 26 Mont. 434, 68 Pac. 852; *Nord* v. *Boston & M. C. C. etc.,* 30 Mont. 48, 75 Pac. 681; *Nord* v. *Boston & M. C. C. etc.,* 33 Mont. 464, 84 Pac. 1116, 89 Pac. 647; *Creswell* v. *U. S. Shirt etc. Co.,* 100 N. Y. Supp. 497, 15 App. Div. 12; *Dallas etc. R. Co.* v. *Spiker,* 61 Tex. 427, 48 Am. Rep. 297; *Missouri etc. R. Co.* v. *Foreman,* 73 Tex. 311, 314, 15 Am. St. Rep. 785, 11 S. W. 326; *City of Indianapolis* v. *Cauley,* 164 Ind. 304, 73 N. E. 691; *Cook* v. *Mo. Pac. Ry. Co.,* 94 Mo. App. 417, 68 S. W. 230; *Durrell* v. *Johnson,* 31 Neb. 796, 48 N. W. 890; *North Birmingham St. Ry. Co.* v. *Calderwood,* 89 Ala. 247, 18 Am. St. Rep. 105, 7 South. 360.

*Messrs. Kremer, Sanders & Kremer,* for Respondent.

The law as set forth in instruction No. 3 is the law as given by the supreme court of this state. (*Johnson* v. *B. & M. Min. Co.,* 16 Mont. 178, 40 Pac. 298; see, also, *Washington etc. R. R. Co.* v. *McDade,* 135 U. S. 554, 10 Sup. Ct. 1044, 34 L. Ed. 235; *Solomon R. Co.* v. *Jones,* 30 Kan. 601, 2 Pac. 657; *Hill* v. *Southern Pac. Co.,* 23 Utah, 94, 63 Pac. 814; *Buzzell* v. *Laconia Mfg. Co.,* 48 Me. 113, 77 Am. Dec. 212.) "In considering alleged error in an instruction, the instructions in the case should be considered together as a whole." (*State* v. *Rolla,* 21 Mont. 587, 55 Pac. 523; *Cannon* v. *Lewis,* 18 Mont. 408, 45 Pac. 572; *Crushing* v. *Quigley,* 11 Mont. 585, 29 Pac. 337; *Schwab* v. *Owens,* 11 Mont. 482, 29 Pac. 190; *Upton* v. *Larkin,* 7 Mont. 459, 17 Pac. 728; *Wenner* v. *McNulty,* 7 Mont. 37, 14 Pac. 643; *Territory* v. *Hart,* 7 Mont. 502, 17 Pac. 718; *Kennon* v. *Gilmer,* 5 Mont. 270, 51 Am. Rep. 45, 5 Pac. 847; *Higley* v. *Gilmer,* 3 Mont. 106, 35 Am. Rep. 450.)

The law as given in instruction No. 4 is absolutely correct; the doctrine there announced having been followed in this and in other western states. (*Hill* v. *Southern Pac. R. Co.*, 23 Utah, 94, 63 Pac. 814; *Solomon R. Co.* v. *Jones*, 30 Kan. 601, 2 Pac. 657; *Johnson* v. *B. & M. Min. Co.*, 16 Mont. 178, 40 Pac. 298; *Bowers* v. *Union Pac. Ry. Co.*, 4 Utah, 215, 7 Pac. 251; *Prosser* v. *Montana Cent. Ry. Co.*, 17 Mont. 372, 43 Pac. 81, 30 L. R. A. 814; *Higley* v. *Gilmer*, 3 Mont. 97, 35 Am. Rep. 450; *Kennon* v. *Gilmer*, 4 Mont. 433, 2 Pac. 21; *Wall* v. *Helena St. Ry. Co.*, 12 Mont. 56, 29 Pac. 721; *Nelson* v. *City of Helena*, 16 Mont. 19, 39 Pac. 905.)

That the law presented in instruction No. 5 is sound there can be no doubt, for this doctrine has been followed in Montana. (*Berg* v. *B. & M. Co.*, 12 Mont. 217, 29 Pac. 545; see, also, *Baxter* v. *Roberts*, 44 Cal. 190, 13 Am. Rep. 160; *Spelman* v. *Fisher Iron Co.*, 56 Barb. 165.) The law as laid down in this instruction has been followed almost verbatim, and held good. (*Hill* v. *Southern Pac. Co.*, 23 Utah, 94, 63 Pac. 814; see, also, *McGowan* v. *Smelting Co.* (C. C.), 9 Fed. 861, 3 McCrary 393; 1 Shearman and Redfield on Negligence, sec. 219.)

The plaintiff in this case has shown in his testimony that he was free from contributory negligence, as is strongly evidenced by the refusal of the court to grant a nonsuit upon motion made at the close of plaintiff's testimony, and such being the case, the burden of proving contributory negligence and assumption of risk was upon defendant. (*Appel* v. *Buffalo etc. R. R.*, 2 N. Y. 257; *Hulehan* v. *Greenbay etc. R. Co.*, 68 Wis. 520, 32 N. W. 529; *Nadeau* v. *White R. L. Co.*, 76 Wis. 120, 20 Am. St. Rep. 29, 43 N. W. 1135; *Swoboda* v. *Ward*, 40 Mich. 420; *Norfolk etc. Co.* v. *Ward*, 90 Va. 687, 44 Am. St. Rep. 945, 24 L. R. A. 717, 19 S. E. 849.)

Appellant alleges that an employee is not acquitted of the assumption of risk merely because he did not comprehend the danger, and asserts that the test is, whether an ordinary prudent person of his age and experience, under like circumstances,

would have comprehended the risk. We do not believe this to be the true doctrine of the law, but rather whether he understood the danger and whether the danger of the position was explained as was necessary for the protection of one who had no knowledge of it. (*Combe* v. *New Bedford Cordage Co.,* 102 Mass. 573, 3 Am. Rep. 506; *McDonald* v. *Chicago etc. Ry. Co.,* 41 Minn. 439, 16 Am. St. Rep. 711n, 43 N. W. 380; *McGovern* v. *Smelting Co.,* 9 Fed. 861, 3 McCrary, 393; *O'Connor* v. *Adams,* 120 Mass. 427.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This is an action for damages for personal injuries. The plaintiff was employed by the defendant to work in Madison county. Soon after his employment he was set to work running a whim, used for hoisting ore from the Lehigh mine, owned and operated by the defendant near Norris. On May 6, 1905, while engaged in this business, the plaintiff was injured, and he brought this action to recover damages. The jury returned a verdict in his favor for $2,500, and from the judgment entered on the verdict and from an order denying him a new trial the defendant has appealed.

At the close of plaintiff's case, the defendant moved the court for a nonsuit, which was overruled, and at the close of all the testimony made a motion for an instructed verdict, which was denied. These rulings of the court, together with the order denying the defendant a new trial, are assigned as erroneous, presenting the question of the sufficiency of the evidence to entitle the plaintiff to recover.

No useful purpose would be served in giving even a brief summary of the evidence. Suffice it to say, we have examined it all and fully concur in the ruling of the trial court in each of the orders above. We think the plaintiff made out a *prima facie* case, which was sufficient to defeat the motion for a nonsuit. And, while the testimony given on behalf of the defendant is reasonably clear, and, if believed by the jury, would have

entitled him to a verdict, it was contradictory of that given on behalf of the plaintiff and presented issues which were properly submitted to the jury. "The defendant's evidence, though contradictory, in some particulars, of that put in by the plaintiff, did not make out a case so clear and indisputable as would have justified the court in giving the peremptory instruction requested." (*Lincoln* v. *Power,* 151 U. S. 436, 14 Sup. Ct. 387, 38 L. Ed. 224.)

A verdict having been returned in favor of the plaintiff, the motion for a new trial upon the ground of the insufficiency of the evidence to sustain it was addressed to the sound, legal discretion of the trial court, which heard the evidence as given from the witness stand, had opportunity to observe the witnesses, and was therefore better qualified to judge of the character of the testimony than this court, and with the order denying a new trial upon that ground we are not inclined to interfere. (*Fournier* v. *Coudert,* 34 Mont. 484, 87 Pac. 455, and cases cited.)

Exception is also taken to certain rulings of the trial court in admitting evidence on behalf of the plaintiff. It is contended that the court erred in permitting the plaintiff, over objection of defendant, to testify that he was employed by the defendant to work as a teamster, and it is said that this evidence is incompetent and irrelevant under the issues made by the pleadings; and this question is presented, also, by certain instructions given by the court.

The allegation in the complaint is that the plaintiff was injured while he "was pursuing his occupation of running said whim," etc. But we cannot see anything inconsistent between that allegation and plaintiff's contention that he was actually employed as a teamster, but subsequently put to work running the whim against his objections and protests. While actually engaged in running the whim, that was his "occupation," even though he was employed for a different character of work. We think the evidence was properly admitted, and that the court correctly charged the jury that they might take into consid-

eration the fact, if it was a fact, that the plaintiff was employed for a different kind or character of work, but put temporarily at work running the whim, in order to determine whether the defendant, as master, had discharged his duty toward the servant in instructing him as to the dangerous character of such employment, if the jury found that the work of running such whim was of a peculiarly dangerous character. If the jury found that the plaintiff was not employed for this particular work, that he was not a skilled mechanic, that he was ignorant of the machinery which he was required to operate, and that the work of operating it was of a peculiarly dangerous character, and these facts were known to the defendant, or ought to have been known to him, then it was the duty of the employer to give to the employee instructions as to the dangers incident to such employment.

In *Baxter* v. *Roberts*, 44 Cal. 187, 13 Am. Rep. 160, the rule is announced as follows: "Nor is there any doubt that if the employer have knowledge or information showing that the particular employment is from extraneous causes known to him hazardous or dangerous to a degree beyond that which it fairly imports or is understood by the .employee to be, he is bound to inform the latter of the fact or put him in possession of such information. These general principles of law are elementary and firmly established. They are usually applied to cases in which the employee has sustained injury by reason of some defect or unsoundness in the machinery or materials unknown to him about which he is employed to perform labor and of which the employer knew, or might have known in the exercise of ordinary care and vigilance upon his part."

The act of negligence charged against the defendant is his failure to exercise reasonable care in providing plaintiff with suitable and safe machinery with which to work. Among other particular defects in the machinery mentioned is a worn wire cable in which some of the strands are alleged to have been broken and pieces of wire projected from the cable. While plaintiff was testifying in his own behalf, he was asked by his

counsel if the cable was "as smooth as a pencil, or like a new piece of rope." The question was objected to as leading, but the objection was overruled. The answer of the witness was not at all responsive to the question, and, as a motion to strike out the answer was not made, the defendant cannot now complain, and it is unnecessary for us to consider whether in fact the question as formed was leading.

Dr. Fain, who attended the plaintiff at the time of his injury and for some two months thereafter, was permitted by the court, over the objection of the defendant, to make use of plaintiff's injured arm to demonstrate or explain his testimony. The reason urged for the objection is that the testimony already given by the plaintiff was to the effect that other doctors had operated on the injured arm after Dr. Fain ceased to give it his care and before the trial. But, conceding this to be true, we wholly fail to understand how it could affect the testimony of Dr. Fain in so far as his conclusions were based upon facts obtained by him at the time of the injury, or why he could not by the use of the injured arm make his testimony all the more easily understood by the jury. Such an inspection of the injured limb in the presence of the jury is usually permitted; at least, the application to make such inspection is addressed to the sound, legal discretion of the trial court, and its ruling will not be disturbed except for a manifest abuse of such discretion. (*Swift & Co.* v. *Rutkowski,* 182 Ill. 18, 54 N. E. 1038.) We fail to see wherein the court abused its discretion in this instance. For a very thorough discussion of this subject of autoptic proference, see 2 Wigmore on Evidence, chapter 37.

Dr. Bradley also testified on behalf of the plaintiff, although he had never seen the injured arm until two days before the trial. By this witness the plaintiff was apparently attempting to anticipate and refute a theory of defendant that plaintiff was simulating, and that in fact his injuries were not so serious as he claimed, and also to show that the injuries were of a permanent character, as claimed by the plaintiff in his complaint. So far as the testimony given was directed to the

question of plaintiff's simulating, it might have come more properly in rebuttal; but this was not the objection made to it, and, in any event, the order of proof is largely within the discretion of the trial court. (*Campbell* v. *Rankin,* 2 Mont. 363; *Tague* v. *John Caplice Co.,* 28 Mont. 51, 72 Pac. 297.) The objection offered was that it was incompetent and irrelevant, but we are not able to agree with counsel in either of these contentions. The defendant offered testimony tending to show that plaintiff had made exhibitions of the use of his injured arm some time after the accident and had carried a bucket with contents of considerable weight in the hand of his injured arm. The evident purpose of this evidence was to contradict the testimony of plaintiff that since his injury he had not been able to grasp anything with his right hand, and to leave the impression that plaintiff was in fact simulating. As we have said, the logical order of proof probably was not followed; but the testimony of Dr. Bradley that the plaintiff could not simulate the condition which the witness found, or the consequences of such condition, was both competent and relevant.

Dr. Bradley was also permitted to make an experiment, or rather demonstration, before the jury. He testified that the motor nerves of plaintiff's right arm were entirely destroyed, and that in sympathy with this condition the sensory nerves, which control the feeling in the hand, had become so far paralyzed that the plaintiff had no feeling in his hand; and to demonstrate this he was permitted to stick a hypodermic needle into the back of plaintiff's right hand. We cannot see any objection to the order of the court in permitting this demonstration before the jury. That such demonstrations are permitted is quite generally recognized by the courts and text-writers. In *Osborne* v. *Detroit* (C. C.), 32 Fed. 36, it was held that, where the plaintiff claimed to be paralyzed by a fall, it was not error to permit a medical attendant, who had not been sworn, to demonstrate the loss of feeling on the part of the plaintiff by thrusting a pin into the side of plaintiff claimed to be paralyzed. (See, also, 2 Jones on Evidence, sec. 406, 1 Wigmore on Evi-

dence, sec. 445, and 2 Wigmore on Evidence, sec. 1160, where the subject is treated at length.)

Upon the trial counsel for plaintiff offered and read in evidence, over defendant's objection, certain mortality tables for the purpose of showing the probable expectancy of plaintiff's life. The particular objection urged was that the tables were not identified, but were read by an attorney who was not a witness and not under oath. While there is some conflict in the authorities, the weight of the authorities seems to be in harmony with the trial court's ruling, that the court takes judicial notice of standard mortality tables, and, if the court is satisfied that the one offered is of that character, no further identification is necessary; and it is immaterial that the portion read is read by an attorney who is not sworn as a witness in the case. (17 Ency. of Law, 2d ed., 900; 20 Ency. of Law, 2d ed., 886; *Keast* v. *Santa Ysabel G. Min. Co.,* 136 Cal. 256, 68 Pac. 771; *Nelson* v. *Branford L. & W. Co.,* 75 Conn. 548, 54 Atl. 303; *Lincoln* v. *Power,* above.)

Exception is taken to the refusal of the trial court to permit the jury to be taken to the Lehigh mine for the purpose of inspecting the machinery by which the plaintiff alleged he was injured. Certain drawings of the machinery were presented to the jury, and upon inquiry from the court the jurors all said that they understood the situation. In view of this and the considerable distance which the jury would have been compelled to travel to the mine, we certainly cannot say that the court abused its discretion in refusing defendant's request, and that it was a matter of discretion in the trial court is settled beyond controversy. (*Maloney* v. *King,* 30 Mont. 158, 76 Pac. 4; Code Civ. Proc., sec. 1081.)

Exception is taken to instruction No. 3 given by the court. It is said that it is erroneous in two respects: First, in that it fails to advise the jury that they must find that the defendant had knowledge of the defects in the machinery of which complaint is made. But that objection is not tenable, for it is immaterial that the master did not know of the defects in

order to hold him liable, if by the exercise of ordinary care he should have known of them. The rule of law is that the master shall exercise reasonable care to provide his servant with reasonably safe appliances with which to work. (*Anderson* v. *Northern Pac. Ry. Co.*, 34 Mont. 181, 85 Pac. 884.) And this rule, we think, was fully given in the instructions of the court.

Second, it is said that this instruction would have warranted a verdict for plaintiff, even though he was guilty of contributory negligence, and this contention might be justified if this instruction was considered alone; but the instructions should be considered as a whole, and in this case the court very fully and clearly covered the questions of contributory negligence and assumption of risk in instructions 6 and 15, so that the jury could not have been misled by instruction No. 3. And what we have said is equally applicable to one of counsel's arguments against instruction No. 4. In instructions 11 and 12 the jury were told what result should be reached in case they found plaintiff had contributed by his negligence to his own injury, or had assumed the risk. The other objection to instruction No. 4 and the objection to instructions 7 and 8 are based upon a consideration of the evidence, and we must content ourselves with saying that we are not able to give the evidence the same effect which counsel for appellant do.

Instruction No. 5 correctly states the law applicable to this case. It deals with the duty of the master to instruct his servant under certain circumstances such as are presented in this case, under the plaintiff's theory of it. (1 Labatt on Master and Servant, Chapter 16.)

Exception is also taken to instruction No. 9, and it is said that this instruction would warrant a verdict in plaintiff's favor, if the jury found that he was inexperienced in handling machinery of the character he was required to handle, even though the jury should find that he was guilty of contributory negligence. We think counsel for appellant misconstrue the language of this instruction. The evidence offered on behalf of plaintiff tended to show that he had never worked around a

mine before; that he had never seen a whim or wire cable before, knew nothing about them, and in fact had worked here for portions of only three days before the day of his injury; that he was employed for other work and engaged in this particular undertaking under protest to defendant's foreman that he was inexperienced in this particular character of work, and did not receive any warning of the dangers incident to such employment. While some of this evidence is disputed by witnesses for defendant, it was nevertheless a proper subject for consideration by the jury. This instruction merely tells the jury that in determining whether the plaintiff was guilty of contributory negligence they might take into consideration his experience or lack of experience in the employment, and his knowledge or lack of knowledge of the risks incident to such employment, and this is clearly correct.

In *Hill* v. *Southern Pac. Co.*, 23 Utah, 94, 63 Pac. 814, it is said: "And in their [the jury's] deliberations upon this question they had a right to take into consideration his age, inexperience, and any lack of knowledge or understanding of the risks incident to his employment, in the absence of any explanation to him of the dangers connected therewith by his employer. 'After all, it is not so much a question whether the party injured has knowledge of all the facts in his situation, but whether he is aware of the danger that threatens him. What avails it to him that all the facts are known, if he cannot make the deduction that peril arises from the relation of the facts? The peril may be a fact in itself of which he should be informed' "; and see numerous cases cited. When this instruction is read in connection with instructions 6, 10, and 11, we think it is not open to any of the criticisms made upon it.

The answer of the defendant is in effect a general denial of all the material allegations of the complaint, excepting the allegation of plaintiff's employment, and a plea of contributory negligence and one of assumption of risk. By instruction No. 11 the court told the jury that the burden of proof was upon the defendant to establish the defense of contributory negli-

gence, and a like rule was announced with respect to the defense of assumption of risk in instruction No. 17. Appellant contends that these instructions are erroneous, and cites *Kennon* v. *Gilmer*, 4 Mont. 433, 2 Pac. 21, and later cases, and contends further that the evidence on the part of the plaintiff shows, or tends to show, that his negligence contributed to his injury, and that he assumed the risk incident to such employment. We are not able to make either of these deductions from the evidence offered on plaintiff's behalf, and conclude therefore that the rule announced in *Kennon* v. *Gilmer* has no application, and that the instructions correctly state the law. (*Nord* v. *Boston & Mont. Con. C. & S. Min. Co.,* 30 Mont. 48, 75 Pac. 681.)

Instruction No. 14 is criticised upon the ground: First, that it is too complex to be understood; and, second, that it was apt to lead the jury away from a consideration of the question whether the plaintiff contributed to his own injury. Again, we are unable to agree with counsel in either of these contentions. In our view this instruction contains a clear and concise statement. The rule which it announces is, to say the least, as favorable to appellant as he could possibly require.

In appellant's specifications of error, instructions 12 and 18 are mentioned, but no argument is made in the brief upon either of these. No. 18 is mentioned in the body of the brief, but the argument is directed to the giving of No. 17 and is not applicable at all to instruction No. 18.

Exception is taken to the refusal of the trial court to give each of four instructions asked by the defendant. The first of these is erroneous, in that it casts the burden of proof that plaintiff was not guilty of contributory negligence upon him whereas, the court correctly told the jury that the burden of proving the affirmative of that issue was upon the defendant.

There is probably not a correct copy of the second of these offered instructions in this record, since what is printed is wholly meaningless in the first portion of it. If the instruction was

offered in the same form as it appears in the transcript, the court would have erred grievously if it had given it.

The third of these offered instructions covers substantially the same ground as No. 15, given by the court, and for that reason no injury resulted from the court's refusal to give it.

The last of these offered instructions assumes a fact which was directly in dispute, viz.: Was plaintiff employed to run this whim? Plaintiff contends that he was employed as a teamster, and went to work running the whim against his protests, and only for fear of losing employment in case he refused. On the contrary, defendant contends that he employed plaintiff for the very purpose of running this whim. The court properly refused to give this instruction. It is always error for a trial court to assume as a fact a matter which is directly in issue. (*Lindsley* v. *McGrath*, 34 Mont. 564, 87 Pac. 961.)

Upon the whole record the case appears to have been fairly tried and submitted to the jury under instructions as favorable to the defendant as he could ask.

The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.

Rehearing denied December 7, 1907.